■ In the Matter of PATRICIA M. WEVERS, Respondent, v PETER J. BRIZZI, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Suffolk County (Donahoe, J.), dated November 9, 1981, which, after a hearing, directed appellant to pay the sum of $40 per week toward the support of his infant daughter. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith. Appellant is to comply with the directions contained in the order dated November 9, 1981, pending the new determination to be made by the Family Court. The Family Court erred in failing to inquire into the petitioner's "means" prior to the entry of the support order under review. Section 413 of the Family Court Act (as amd by L 1980, ch 281, § 28) specifically provides that "[t]he *parents* of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child's support a fair and reasonable sum *according to their respective means,* as the court may determine and apportion" (emphasis supplied). The Family Court was aware of the fact that the petitioner mother was gainfully employed, but apparently made no attempt to determine the extent of her earnings. Such information is extremely important to a proper apportionment under section 413 (cf. *Bauer v Bauer,* 55 AD2d 895). We have considered the appellant's remaining contention and find it to be without merit. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ALBERTI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered April 3, 1979, convicting him of attempted grand larceny in the second degree, upon a jury verdict and imposing sentence. Judgment affirmed. Although the prosecutor exceeded permissible bounds in conducting cross-examination and in making his summation, the evidence of guilt was overwhelming and the errors involved were harmless. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.