OPINION OF THE COURT
John F. O’Donnell, J.
The petitioner has filed objections to an order of a Hearing Examiner dismissing his petition for a downward modification *546 of child support. That petition alleged two grounds for the modification: a decline in income, and the emancipation of one of the parties’ two children.
The order sought to be modified applied the guidelines set out in the Child Support Standards Act (Family Ct Act § 413), and required the petitioner to pay $40 per week plus the taxes, insurance and a portion of the rent for the residence where the respondent and the children reside. Those items amounted to $33 per week, bringing the total to be paid by petitioner under that order to $73 per week, which was 25% of his gross wages less FICA.
The Hearing Examiner found that petitioner is unemployed and receives only $159 per week in unemployment insurance benefits. Those same findings speak in terms of petitioner having to pay $40 per week. The result of dismissing the petition with prejudice is to require that petitioner continues to pay that amount plus the incidental items, however.
Since the taxes, insurance, and rent must be counted toward support (Lenigan v Lenigan, 159 AD2d 108, 112), the total paid for support by petitioner remains $73 per week. This is 46.9% of his present income, and brings that income not only below his “self-support reserve” as defined in subdivision (1) (b) (6) of Family Court Act § 413, but also below the poverty income guidelines amount for a single person as reported by the United States Department of Health and Human Services. Under these circumstances, subdivision (1) (d) of the statute provides that the basic child support obligation shall be $25 per month, or the difference between the noncustodial parent’s income and self-support reserve, whichever is greater.
Subdivision (1) (a) of the statute gives the court the right to vary from the guidelines only with respect to determinations made under subdivision (1) (c). Therefore, the protection afforded petitioner by subdivision (1) (d) would appear to be absolute.
The decision of the Hearing Examiner to dismiss the petition with prejudice following his finding that petitioner’s income was now $159 per week, was therefore erroneous.
The petitioner has agreed however, to pay $40 per week.
The Hearing Examiner need not have made a finding as to whether or not petitioner’s son, David, was emancipated, since *547 that issue is rendered moot by the application of subdivision (1) (g).
It is therefore,
Ordered, that the Hearing Examiner’s findings are set aside, the petition is granted, and respondent is ordered to pay $40 each week to the Support Collection Unit for the support of two children.