■ In the Matter of MARY A. COPELAND, Appellant, v JOHN EVANS, Respondent.—Order unanimously modified on

the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court confirmed a Hearing Examiner's finding that, although respondent's basic child support obligation under the Child Support Standards Act (CSSA) is $98.28 per week, it is unjust and inappropriate and should be reduced to $80 per week based solely upon consideration of the factor set out in section 413 (1) (f) (8) of the Family Court Act. Neither Family Court nor the Hearing Examiner, however, made the findings necessary to justify the reduction. There was no finding regarding the needs of the children residing in respondent's household. There was no consideration of the financial resources of respondent's household and no finding that the resources available to support children in respondent's household are less than the resources available to support the child who is the subject of the instant action.

The court also erred in ordering respondent to pay only 50% of the future reasonable health care expenses of the child not covered by insurance. The court should have prorated respondent's share of such expenses in the same proportion as his income was to the combined parental income (see, Family Ct Act § 413 [1] [c] [5]), which was approximately 71%.

Accordingly, we conclude that respondent's basic support obligation under the CSSA is $98.28 per week and that he shall be responsible for 71% of health care expenses of the child not covered by insurance. (Appeal from Order of Monroe County Family Court, Maas, J.—Child Support.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.