■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DARCIA GRIFFIN, Appellant, v STANLEY J. GALLOWAY, Respondent.—Order, Family Court, New York County (George Jurow, F.C.J.), entered on or about November 7, 1990, which denied the petitioner's objections to a Hearing Examiner's final order of support dated September 5, 1990, unanimously

reversed, on the law and in the exercise of discretion and the matter is remitted to the Family Court for further proceedings consistent herewith, without costs.

The petitioner filed a petition seeking an order of filiation and support against the respondent. An order of filiation was entered upon the respondent's admission of paternity and the respondent, pursuant to a temporary order of support, was directed to pay $50 bi-weekly. A support hearing was scheduled and the respondent was directed to provide proof of his income and assets, including a current and representative paycheck stub and his tax returns.

The respondent appeared *pro se* at the hearing and informed the Hearing Examiner that he forgot to bring the requested documents. After determining that $109 represented the child's share of a monthly public assistance grant, the Hearing Examiner asked the assignor if $109 a month represented the needs of the child. After some confusion, the assignor responded that it did. Without further questioning, the Hearing Examiner entered a final order of support, directing the respondent to pay $109 a month as well as $11 a month for support arrears. Both the petitioner and the respondent filed objections to the Hearing Examiner's final order. The Family Court denied both parties' objections and further denied the petitioner's motion for reargument.

The Family Court erred in denying the petitioner's objections to the Hearing Examiner's final order of support, since the Hearing Examiner based his determination solely upon the amount of public assistance allotted to the child on a monthly basis. The Court of Appeals, in *Matter of Commissioner of Social Servs. v Segarra* (78 NY2d 220, 226), held that "the Commissioner, as assignee of the rights of an AFDC dependent, is entitled to seek a child support award based upon the child's needs and the noncustodial parent's means and * * * the noncustodial parent's obligation is not limited to the child's share of the monthly public assistance grant."

Nothing in section 415 of the Family Court Act limits a parent's obligation to support his child to that child's portion of the public assistance grant *(supra).* To hold otherwise would defeat the legislative purpose of that statute as well as Family Court Act § 413, to require a parent to provide for the support of his child commensurate with his ability and the child's needs *(supra).*

Once the respondent indicated that he forgot to bring documents verifying his income, it was incumbent upon the

Hearing Examiner to either adjourn the hearing or question the respondent as to his monthly income and expenses and to assess the child's needs. Although the Commissioner concedes that he failed to preserve his objection to the Hearing Examiner's failure to assess the respondent's means for appellate review, we reach the issue in the interest of justice *(Merrill v Albany Med. Ctr. Hosp.,* 71 NY2d 990).

Accordingly, the order is reversed and the matter is remitted for an order of support predicated upon a proper assessment of the child's reasonable needs and the respondent's means. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Smith, JJ.