■ In the Matter of PATRICIA KEAY, Appellant, v ISAAC MENDA, Respondent. [620 NYS2d 472] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated June 14, 1993, which denied her objections to an order of the same court (Garcia, H.E.), dated January 3, 1993, which, after a hearing, *inter alia,* directed the father to pay $50 per month in child support for his two children.

Ordered that the order is modified, on the law and the facts, by increasing the award of child support payable by the respondent father for the parties' children from $50 per month to $75 per week; as so modified, the order is affirmed, without costs or disbursements.

After a hearing, the Hearing Examiner determined that the imposition of child support payments in accord with the Child Support Standards Act (hereinafter CSSA) *(see,* Domestic Relations Law § 240; Family Ct Act § 413; *Matter of Commissioner of Social Servs. of City of N. Y. [Patricia H.] v Raymond S.,* 180 AD2d 510) would be unduly burdensome on the father. The Hearing Examiner noted that the father is now married, unemployed, and is the father and primary support of two other minor children who are not subject of this proceeding, while the appellant, through public assistance and other governmental subsidy programs, has substantial resources available to her. Based upon these factors, the Hearing Examiner set the child support payments at $50 per month *(see, Matter of Rose [Clancy] v Moody,* 83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody,* — US —, 114 S Ct 1837).

Application of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support *(see, e.g., Michael N. G. v Elsa R.,* 199 AD2d 81; *Matter of Maddox v Doty,* 186 AD2d 135). The father failed to rebut this presumption.

The CSSA formula mandates that parental support for two children must equal 25% of the total parental income *(see,* Family Ct Act § 413 [1] [b] [3] [ii]), unless the application brings a parent below the "self-support reserve" which is

135% of the poverty level guidelines for a single person (Family Ct Act § 413 [1] [b] [6]; *Matter of Commissioner of Social Servs. of City of N. Y. [Patricia H.] v Raymond S., supra).* Based upon the evidence before us, the CSSA formula mandates a weekly child support award in the amount of $75 per week for the support of the two children who are the subject of this proceeding.

It should be noted that the Hearing Examiner erred when he included the mother's public assistance benefits in gross family income *(see, Matter of Rose [Clancy] v Moody, supra).* Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.