OPINION OF THE COURT
William F. O’Brien III, J.
Respondent seeks review of an order of support and money judgment of the Hearing Examiner dated October 20, 1994, determining among other things that "respondent’s weekly gross income was $218.00 per week, placing respondent under the self-support reserve pursuant to the Child Support Standards Act thus rendering a support obligation of $27.00 per week”. In addition to the aforesaid $27 per week, respondent was found responsible for 36% of his child’s medical, dental and optical expenses, plus $48 babysitting expenses, representing his share of said expenses in proportion to the parties’ respective adjusted gross income. Respondent’s obligation retroactive to the time petitioner went on public assistance was also fixed in a similar manner.
Upon reviewing the pleadings, the Hearing Examiner’s order of support and money judgment, respondent’s objections filed November 21, 1994, and his supplemental objections by letter dated November 17, 1994,1 hereby find as follows.
Respondent’s first and seventh objections dispute the amount of income the Hearing Examiner imputed to respondent for living quarters provided by respondent’s employer and allege that the Hearing Examiner failed to take into consideration child support paid by respondent for other children. The Hearing Examiner’s order simply found respondent’s weekly adjusted gross income as $218. No findings were made with respect to how >,hat amount was determined, whether imputed income was added to it (Family Ct Act § 413 [1] [b] [5] [iv]) or whether child support was deducted from it (Family Ct Act § 413 [1] [b] [5] [vii] [D]). Determination of respondent’s objections cannot be made without proper findings of fact as required by Family Court Act § 439 (e) and § 205.36 (a) of the Uniform Rules for Trial Courts (22 NYCRR part 205). The matter is, therefore, remanded to the Hearing *620 Examiner to make proper findings of fact with respect to respondent’s first and seventh objections.
Respondent’s remaining objections involve the propriety of adding medical, dental, optical and child care expenses to his basic child support obligation when such obligation is determined pursuant to Family Court Act § 413 (1) (d) due to the fact that his basic child support obligation would reduce his income below the self-support reserve.
With certain exceptions, Family Court Act § 413 (1) requires child support to be set in an amount equal to or determined by the "basic child support obligation”. (The court shall make its award for child support pursuant to the provisions of this subdivision, the court may vary from the amount of basic child support obligation determined pursuant to paragraph [c] of this subdivision only in accordance with paragraph [f] of this subdivision. [Family Ct Act § 413 (1) (a).] Unless the court finds that the noncustodial parent’s pro rata share of the basic child support obligation is unjust or inappropriate, the court shall order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, and may order the noncustodial parent to pay an amount pursuant to paragraph [e] of this subdivision. [Family Ct Act § 413 (1) (f).] The exceptions to this requirement are set forth in section 413, paragraphs [1] [c] [3] [combined parental income in excess of $80,000]; [1] [f], [g] [where the basic child support obligation is unjust or improper]; [1] [h] [where the amount is set pursuant to a validly executed agreement or stipulation]; [1] [i] [temporary orders of support and orders pursuant to Domestic Relations Law § 237], and [1] [k] [an order based upon default or insufficient evidence to determine gross income].)
The "basic child support obligation” is defined by Family Court Act § 413 (1) (b) (1) as the sum derived by adding the amounts determined by the application of subparagraphs (2) and (3) of paragraph (c) of subdivision (1) except as increased pursuant to subparagraphs (4), (5), (6) and (7) of such paragraph. Family Court Act § 413 (1) (c) states that "[t]he amount of the basic child support obligation shall be determined in accordance” with the Child Support Standards Act formula added to subparagraphs (4), (5), (6) and (7), i.e., the formula amount added to health care, child care, etc. The significance of the foregoing is that subparagraphs (4), (5), (6) and (7) (health care, child care, etc.) are a part of the basic child support obligation as defined by Family Court Act § 413 (1) (alte) and not added to the basic child support obligation as is *621 sometimes done. Put another way, health and medical care are added to the formula amount to obtain the "basic child support obligation” and hence are a part of the basic child support obligation, not in addition thereto.
However, in this case, and pursuant to Family Court Act § 413 (1) (d) where the basic child support obligation (formula plus child care and health care, or just the formula amount itself) reduces the respondent’s income below the self-support reserve, but not below the poverty income guidelines, then the "basic child support obligation” is redefined to be the sum of $50 per month or the difference between the respondent’s income and the self-support reserve, whichever is greater. There is simply no statutory authority once the basic child support obligation is determined to be $50 per month to add on or to otherwise require a respondent to, nonetheless, pay a sum of money toward health care or child care.
As earlier stated herein, the Child Support Standards Act (CSSA) requires that support be determined by the "basic child support obligation” unless such is found to be unjust or improper or falls within one of the other exceptions set forth in the statute. Since the Hearing Examiner did not find the "basic child support obligation” unjust or improper, and since the circumstances of this case do not appear to fall within one of the other noted exceptions, the addition of health and child care to the basic child support obligation is error.
Family Court Act § 413 (1) (a) states "[t]he court may vary from the amount of the basic child support obligation determined pursuant to paragraph (c) of this subdivision only in accordance with paragraph (f) of this subdivision.” It does not state that the court may vary from the amount of basic child support determined pursuant to paragraph (d). Hence, it has been found that the protection afforded respondent by Family Court Act § 413 (1) (d) is absolute and would not be affected even upon a finding that said amount was unjust or improper. (Moehrle v Moehrle, 148 Misc 2d 545 [Fam Ct, Erie County 1990].) However, since the Hearing Examiner has not found the "basic child support obligation” unjust or improper, the issue is not presently before the court.
Aside from a technical reading of the Child Support Standards Act, it is clear that Family Court Act § 413 (1) (d) was meant to act as a safety net for those noncustodial parents whose basic child support obligation, as figured with the use of the CSSA formula, would reduce their incomes below the self- *622 support reserve or poverty income guidelines. As set forth in the memorandum of the State Executive Department accompanying the Child Support Standards Act, "the purpose of the self-support reserve is to provide for the basic support needs of the non-custodial parent.” (1989 McKinney’s Session Laws of NY, at 2208, 2209.) It hardly seems likely that the Legislature intended this protection to be wiped out by the addition of unlimited health and child care expenses to the noncustodial parent’s basic child support obligation.
Therefore, as to objections two through five, said objections are sustained and the matter is remanded to the Hearing Examiner for modification of his order and judgment consistent with this decision. The matter is also remanded to the Hearing Examiner as to objections one and seven for further findings of fact.