■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of SELENA S., Appellant, v CONRAD R. W., Respondent. [635 NYS2d 653] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support, the petitioner appeals from an order of the Family Court, Dutchess County (Pagones, J.), dated August 15, 1994, which denied its objections to an order of the same court (Winslow, H.E.), dated June 1, 1994, which, *inter alia*, directed the father to pay increased child support of $66 per week.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the petitioner's objections to the order dated June 1, 1994, are sustained, and the matter is remitted to the Family Court, Dutchess County, for a new determination of child support in accordance herewith.

In May 1990, the respondent was adjudicated the father of Fuchsia and ordered to pay child support in the sum of $60 per week. Fuchsia resides with her mother and two siblings, and they receive public assistance. In February 1994, the Dutchess County Department of Social Services (hereinafter the Department), on behalf of Fuchsia's mother, commenced this proceeding for an upward modification of the father's child support obligation. In the petition, the Department alleged, *inter alia*, that the father's income had increased from $460 per week in 1990 to $517 per week. Following a hearing, the Hearing Examiner refused to apply the guidelines set forth in the Child Support Standards Act (hereinafter CSSA) to the father's full income for reasons that have been rejected by the Court of Appeals in *Matter of Commissioner of Social Servs. v Segarra* (78 NY2d 220). The Hearing Examiner noted that the father sent between $50 and $80 per month to another child who is not the subject of this proceeding and that he provided Fuchsia

with things such as shoes and clothing. Although the Department objected in writing to the Hearing Examiner's determination, the Family Court denied the objections and dismissed the petition. The court found that the Department had failed to prove changed circumstances warranting an increase in child support because it had submitted no evidence of the father's income when the original support order was entered in 1990. We reverse.

Under the CSSA guidelines, any party to a child support order issued on behalf of a child in receipt of public assistance "may make application for an adjustment of such order once every thirty-six months from the date such order was issued or from the date of the last review" (Family Ct Act § 413 [3] [a]). Moreover, upon such periodic review, "[a] new support order shall be issued upon a showing that as of the date of the application for adjustment the correct amount of child support as calculated pursuant to the provisions of this section would deviate by at least ten percent from the child support ordered in the last permanent support order of the court" (Family Ct Act § 413 [3] [a]).

The record reveals that a proper application of the CSSA guidelines to the father's income at the time when the present petition was filed would have resulted in a child support award more than 10% greater than $60 per week. Accordingly, it was error for the Family Court to dismiss the petition on the ground that the Department had failed to submit evidence of the father's income when the original child support order was entered in 1990.

Furthermore, the Family Court erred by denying the Department's objections to the Hearing Examiner's determination. Application of the CSSA guidelines creates a rebuttable presumption that they will yield the correct amount of child support (see, e.g., Matter of Leyda D. v John A., 216 AD2d 561; Matter of Keay v Menda, 210 AD2d 483). The father failed to rebut this presumption with evidence that application of the CSSA guidelines would result in an unjust or inappropriate award. Although the Hearing Examiner justified her variance from the CSSA guidelines by noting that the father paid between $50 and $80 per month in support to another child, the father submitted no proof of these payments. Moreover, in calculating a parent's income for purposes of applying the CSSA guidelines, the parent may receive a credit for child support paid on behalf of a child who is not the subject of the proceeding only when the child support is paid pursuant to a court order or a written agreement (see, Family Ct Act § 413

■ [b] [5] [vii] [D]). However, the record in this case is devoid of any evidence that the father was obligated to pay support for his other child pursuant to a court order or a written agreement. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.