■ In the Matter of LAURA A. PICCIULLO, Appellant, v RUSSELL H. COLLEIN, Respondent. [641 NYS2d 378] —In a proceeding for the upward modification of an award of child support, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated February 8, 1994, which denied her objections to an order of the same court (Rodriguez, H.E.), dated September 8, 1993, which, after a hearing, *inter alia,* increased the father's weekly child support obligations from $55 per week to only $124 per week.

Ordered that the order dated February 8, 1994, is reversed, on the law, with costs, the petitioner's objections to the order dated September 8, 1993, are sustained, and the matter is remitted to the Family Court, Suffolk County, for a new determination of child support in accordance herewith.

The parties are the parents of one child. Accordingly, the child support percentage under the Child Support Standards Act (hereinafter the CSSA) (Family Ct Act § 413) is 17% of the combined parental income (*see,* Family Ct Act § 413 [1] [b] [3] [i]). The Family Court apportioned the entire 17% to the respondent. The Family Court held, however, that ordering child support at the full 17% of the respondent's income would be unjust, since the respondent remarried and had a wife and another child at home whom he supported, and gave the respondent a "credit" of approximately 25% of his adjusted gross income in consideration of these two dependents.

We find that child support should have been assessed at 17% of the parties' combined total income, as defined under Family Court Act § 413 (1) (b) (5). Under Family Court Act § 413 (1) (f), the court may decline to apply the non-custodial parent's full share of total support where application of the full share of total support would be "unjust or inappropriate" (Family Ct Act § 413 [1] [f]). One of the factors in determining whether the full amount would be unjust or inappropriate is "[t]he needs of the children of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action" (Family Ct Act § 413 [1] [f] [8]). However, the statute clearly provides that the court may only take this factor into consideration where "the resources available to support such children are less than the resources available to

support the children who are the subject of the instant action" (Family Ct Act § 413 [1] [f] [8]). There is no indication in this case that the resources available to support the respondent's other child are less than the resources available to support the parties' child (*see, Matter of Keay v Menda,* 210 AD2d 483; *Matter of Copeland v Evans,* 181 AD2d 1062). Furthermore, the court must also consider under this factor the "financial resources of any person obligated to support such children" (Family Ct Act § 413 [1] [f] [8]). There is no indication that the respondent's wife cannot work and therefore could not provide financial resources to support this other child. Furthermore, there is no basis upon which to conclude that the respondent's wife should be considered his dependent, since there is no indication that she is physically unable to work. In summary, we find that the respondent failed to rebut the presumption that the application of the CSSA guidelines yielded the correct amount of child support (*see, Matter of Commissioner of Social Servs. [Selena S.] v Conrad R. W.,* 222 AD2d 585; *Matter of Leyda D. v John A.,* 216 AD2d 561). Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.