[643 NYS2d 742]

In the Matter of JAMES L. CARY, as Commissioner of Social
Services of the County of Madison, on Behalf of TAMMY
MAHADY, Appellant, v GREGORY MEGERELL, Respondent.

Third Department, June 6, 1996

**APPEARANCES OF COUNSEL**

*Lisa Sapino,* Wampsville, for appellant.
*Philip J. Sanzone,* Rome, for respondent.

**OPINION OF THE COURT**

CARDONA, P. J.

The sole question presented on this appeal is whether Family Court properly limited an award of child support by deleting additional amounts ordered for child care and health expenses because the noncustodial parent's income was below the self-support reserve. We conclude that Family Court's determination was proper and, therefore, affirm.

The parties have a son born in 1993. On or about March 31, 1994, petitioner filed a petition seeking child support on behalf of Tammy Mahady, a former public assistance recipient. Following a hearing, the Hearing Examiner issued an order which, *inter alia,* provided that respondent pay weekly child support of $27 and an additional $48 per week for child care expenses for a total weekly obligation of $75. The Hearing Examiner further directed that respondent pay 36% of the child's medical, dental and optical expenses. It was further determined that for the period of March 7, 1994 to August 1, 1994, respondent would pay $27 per week for support, $15.50 per week for child care expenses and 62% of the child's medical, dental and optical expenses. Respondent filed written objections. By orders entered January 20, 1995 and April 11, 1995, Family Court,

*inter alia*, sustained respondent's objections to the award of the additional amounts for child care and health expenses. Petitioner appeals.

The Child Support Standards Act (L 1989, ch 567, amending Family Ct Act art 4 *et seq.* [hereinafter CSSA]) contemplates that both parents will contribute to the support of their children "if possessed of sufficient means or able to earn such means" (Family Ct Act § 413 [1] [a]; *see, Matter of Rose [Clancy] v Moody*, 83 NY2d 65, 70, *cert denied sub nom. Attorney General of N. Y. v Moody*, — US —, 114 S Ct 1837). It is well settled that " '[a]pplication of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support' " (*Matter of Mammone v Yellen*, — AD2d —, —, 1996 NY Slip Op 01684 [3d Dept, Feb. 29, 1996]; *see, Matter of Keay v Menda*, 210 AD2d 483). The CSSA formula must be applied in all but two situations (*see, Matter of Commissioner of Social Servs. of City of N. Y. [Gladys N.] v Manuel S.*, 180 AD2d 510). The first occurs "where the court determines that the non-custodial parent's *pro rata* share of the basic child support obligation is 'unjust or inappropriate' based on consideration of the ten factors set forth in Family Court Act § 413 (1) (f)" (*supra*, at 514). That determination was not made in the instant case.

The second situation arises where the computation of the basic child support obligation reduces the noncustodial parent's income below the applicable poverty level or self-support reserve. It is uncontroverted here that respondent's income did not fall below the applicable poverty level but that it did fall below the self-support reserve. When the computation of the basic child support obligation reduces the noncustodial parent's income below the self-support reserve but above the poverty income guidelines, the court must fix the basic child support obligation at $50 per month, or in an amount equal to the "difference between the non-custodial parent's income and the self-support reserve, whichever is greater" (Family Ct Act § 413 [1] [d]). In this case, the applicable self-support reserve was $9,936 (135% of the 1994 Federal poverty income guideline of $7,360 [*see*, 59 Fed Reg 6277 (1994)]) (*see*, Family Ct Act § 413 [1] [b] [6]), or $191 per week. The Hearing Examiner determined respondent's weekly income to be $218. The difference between respondent's weekly income and the self-support reserve is $27, which on a monthly basis will exceed $50; therefore, the Hearing Examiner properly set respondent's basic child support obligation at $27 per week in accordance with the statutory exception created by Family Court Act § 413 (1) (d).

It was error, however, for the Hearing Examiner to increase respondent's support obligation by adding his pro rata share of the child's health and child care expenses. In our view, those additions may only be made when the basic child support obligation is determined pursuant to paragraph (c) of Family Court Act § 413 (1) and not paragraph (d) as in the instant case. Petitioner's argument that the Hearing Examiner may increase the amount of the basic child support obligation determined under paragraph (d) by applying the "unjust or inappropriate" standard contained in paragraph (f) lacks merit. This is evidenced by the operative language of Family Court Act § 413 (1) (a), which limits the application of paragraph (f) to determinations of child support under paragraph (c): "The court may vary from the amount of the basic child support obligation *determined pursuant to paragraph (c) of this subdivision* only in accordance with paragraph (f) of this subdivision" (emphasis supplied; *see, Moehrle v Moehrle*, 148 Misc 2d 545). Support for the view that the provisions of paragraph (c) of Family Court Act § 413 (1) must be disregarded when the basic support obligation is set under the paragraph (d) exception is also found in the opening language of that paragraph, "Notwithstanding the provisions of paragraph (c)".

Accordingly, we hold that once the noncustodial parent's income is determined to be below the applicable self-support reserve, "it is the amount of [that] income * * * [which] controls the support that may be ordered payable and the amount of arrears that may be accrued" (*Matter of Beaudoin [Michelle J.] v Joseph K.*, 165 AD2d 359, 361) and the protection afforded by the application of paragraph (d) is absolute (*see, Matter of Moehrle v Moehrle, supra*). Any other interpretation deprives the low-income, noncustodial parent of the ability to provide for his or her own basic support needs and sets a support obligation that cannot be realistically paid (*cf., Matter of Rose [Clancy] v Moody*, 83 NY2d 65, 70, *supra*).

MIKOLL, CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the orders are affirmed, without costs.