■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of BERNADETTE GOODWIN, Appellant, v FRANK BROWN, Respondent. [646 NYS2d 35] —In an child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from so much of an order of the Family Court, Dutchess County (Pagones, J.), dated April 24, 1995, as denied its objection to so much of an order of the same court (Winslow, H.E.), dated November 29, 1994, as directed the father to pay child support of only $65 per week.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the

petitioner's objection to so much of the order dated November 29, 1994, as directed the father to pay child support in the amount of only $65 per week is sustained, so much of the order dated November 29, 1994, as directed the father to pay child support of $65 per week is vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

The Family Court incorrectly confirmed the Hearing Examiner's computation of the father's child support obligation which deviated from the strict statutory rate set forth in the Child Support Standards Act (hereinafter CSSA) (see, Family Ct Act § 413). Application of the CSSA creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support (see, Matter of Keay v Menda, 210 AD2d 483). In the instant case, however, the Hearing Examiner deviated from the CSSA formula and directed the father to pay less than his pro rata statutory amount of child support, finding that the statutory rate would yield an "unjust and inappropriate" result (Family Ct Act § 413 [1] [f]). This finding was apparently based solely on the father's testimony "at a prior proceeding"—which is not part of the record on appeal—"to being married and having two children at home for whom he is the sole earner". Notably, the father was absent from the hearing at which the Hearing Examiner made the instant determination. Under the circumstances, neither the Hearing Examiner's nor the Family Court's findings were sufficient to justify the deviation from the CSSA (see, Family Ct Act § 413 [1] [f]; Matter of Copeland v Evans, 181 AD2d 1062; see also, Nicholas v Cirelli, 209 AD2d 840). Accordingly, the matter is remitted to the Family Court, Dutchess County, for de novo determination of child support after a new hearing at which the father may testify. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.