In the Matter of THERESA PALMIERI, Respondent, v NICHOLAS LA CONTI, Appellant. [662 NYS2d 78] —In a proceeding pursuant to Family Court Act article 5, the father, Nicholas La Conti, appeals from an order of the Family Court, Suffolk County (Dunn, J.), dated June 25, 1996, which denied his objections to (1) an order of the same court (Crosson, H.E.), dated March 27, 1996, which, after a hearing, denied his application to set aside an income execution and (2) a second order of same court (Crosson, H.E.), entered April 5, 1996, which directed him to pay $500 weekly in child support.

Ordered that the order is affirmed, with costs.

Contrary to the father's contention, the Family Court properly concluded that there was sufficient evidence in the record to support the Hearing Examiner's determination that the child support award should be based upon the father's yearly income of $159,000 (Family Ct Act § 413 [1] [b] [5]).

Furthermore, the Hearing Examiner did not improvidently exercise her discretion by declining to consider the father's obligation to provide for his four other children from his marriage in determining his responsibility to support his fifth child born out of wedlock (Family Ct Act § 413 [1] [f]; *see, Matter of*

*Picciullo v Collein,* 226 AD2d 643). In determining whether the full amount of support under the standard guideline would be unjust or inappropriate, the court may consider the needs of the children of the noncustodial parent who are not the subject of the support proceeding and for whom the noncustodial parent is providing support (*see,* Family Ct Act § 413 [1] [f] [8]). However, the court may only take this factor into consideration where the resources available to support such children are less than the resources available to support the children who are the subject of the proceeding. In the present case, the evidence does not support such a finding.

The father's remaining contentions are without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.