■ In the Matter of CYNTHIA KARRAS, Respondent, v NORMAN OLTON, Appellant. [664 NYS2d 325] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Scancarelli, J.), entered July 1, 1996, which denied his objections to an order of same court (Mrsich, H.E.), dated May 1, 1996, which, *inter alia,* determined that he had no right to a hearing to determine whether an adjusted order of child support made

pursuant to the review and adjustment process under Family Court Act § 413 (3) (a) was "unjust or inappropriate" based on the considerations enumerated in Family Court Act § 413 (1) (f).

Ordered that the order is reversed, on the law, without costs or disbursements, the father's objections to the order dated May 1, 1996, are sustained to the extent that a hearing is granted to determine whether the adjusted order of child support is "unjust or inappropriate" based on the considerations enumerated in Family Court Act § 413 (1) (f), and the matter is remitted to the Family Court, Westchester County, for a hearing to determine that issue.

Pursuant to a support order dated December 10, 1985, the father was directed to pay $90 per month for the support of the two children he had with the petitioner, his ex-wife. In 1995, pursuant to the review and adjustment procedure provided for under Family Court Act § 413 (3) (a), the Westchester County Child Support Enforcement Unit, upon proper notice, proposed an adjustment of the father's child support obligation to $128 per week. The father filed objections to the proposed adjusted order of child support, contending, among other things, that he should be granted a hearing to establish that the proposed figure was "unjust or inappropriate" because it would leave him with only $152 per week for the support of his present wife and the three children of the present marriage. The Hearing Examiner denied his request for a hearing.

The father then filed objections to the Hearing Examiner's order. The Family Court also denied the request for a hearing, concluding that under the review and adjustment procedure, "[n]o exception exists for a finding that the amount is unjust or inappropriate". This was an error.

Family Court Act § 413 (1) (*l*) provides, in pertinent part, as follows: "(*l*) In any action or proceeding for modification of an order of child support existing prior to the effective date of this paragraph, brought pursuant to article four of this chapter, the child support standards set forth in paragraphs (a) through (k) of this subdivision shall not constitute grounds for modification of such support order; *provided, however, that* where the circumstances warrant modification of such order, or *where an adjustment of a child support order is sought by the support collection unit or either of the parties pursuant to* subdivision twelve of section one hundred eleven-h of the social services law, or *subdivision three of section four hundred thirteen of the family court act* or subdivision four of section two hundred forty of the domestic relation law *such standards shall apply"* (emphasis added).

The effect of Family Court Act § 413 (1) (*l*) is to make the standards set forth in the Child Support Standards Act, including the "unjust or inappropriate" provision contained in Family Court Act § 413 (1) (f), applicable to a support order issued pursuant to the review and adjustment process contained in Family Court Act § 413 (3) (a). A hearing must, therefore, be held to determine whether the father's adjusted obligation of child support is "unjust or inappropriate" (*see, Matter of Commissioner of Social Servs. [Selena S.] v Conrad R. W.,* 222 AD2d 585). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.