■ BENJAMIN KYSOR, Appellant, v TONYA KYSOR, Respondent. (Appeal No. 1.) [684 NYS2d 388] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff contends that Supreme Court erred in ordering him to pay child support in the amount of $50 per month for the support of his child as well as one half of uninsured medical, dental, prescription or optical expenses for the child and one half the cost of a babysitter if needed in the event defendant obtains a second job. Although plaintiff's sworn statement of net worth requested a child support order of $50 per month, we conclude that the child support award must be vacated because we are unable to ascertain from the record the basis for the court's award. The court failed to make findings of fact or set forth the basis of, or calculations for, its award. Moreover, to the extent that the court based its award on "arguments that counsel had made to me on a number of occasions," the record is inadequate for us to make our own determination. If the $50 monthly payment is based on Domestic Relations Law § 240 (1-b) (d), we note that health and child care expenses cannot be ordered in addition (*see, Matter of Cary v Megerell*, 219 AD2d 334, 337, *lv dismissed*

88 NY2d 1065 [construing analogous language of Family Court Act § 413 (1) (d)]).

The court also failed to set forth the factors it considered and the reasons for its decision, as required by statute, in distributing the parties' separate and marital property and in awarding maintenance (*see,* Domestic Relations Law § 236 [B] [5] [g]; [6] [b]). We therefore modify the judgment by vacating the third, fourth, fifth, sixth and ninth decretal paragraphs, and we remit the matter to Supreme Court for a hearing on issues of child support, maintenance and equitable distribution. We direct the court to make findings of fact and to determine child support in light of those findings in accordance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). We further direct it to distribute the parties' separate and marital property and to determine maintenance, if any, and to set forth the factors it considered and the reasons for its decision in compliance with Domestic Relations Law § 236 (B) (5) (g) and (6) (b). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Matrimonial.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.