In the Matter of DEBRA A. LANNIGAN, Respondent, v STEPHEN LANNIGAN, Appellant. [702 NYS2d 882] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered December 1, 1998, which granted the mother's objections to an order of the same court (Buse, H.E.), dated August 10, 1998, which granted the father's objections to an adjusted order of support proposed by the Child Support Enforcement Unit.

Ordered that the order is reversed, the mother's objections are denied, the order dated August 10, 1998, is vacated, and the matter is remitted to the Family Court, Suffolk County, for a hearing to determine whether the adjusted order of support proposed by the Child Support Enforcement Unit is "unjust or inappropriate" based on the considerations enumerated in Family Court Act § 413 (1) (f).

A request pending on or before December 31, 1997, for a support collection unit to review a child support order is determined in accordance with Family Court Act § 413 (3) as it existed prior to the modifications to that statute effective on January 1, 1998 (L 1998, ch 214, § 64). By letter dated November 16, 1997, the mother requested that the Child Support Enforcement Unit (hereinafter the CSEU) review the child support order in this matter. The CSEU issued a "notice of intent to review child support order" on December 31, 1997. Therefore, the CSEU properly based its review upon Family Court Act § 413 (3) as it existed prior to the modifications implemented on January 1, 1998.

However, the record is devoid of any indication that the Family Court considered whether the adjusted order of support proposed by the CSEU was "unjust or inappropriate" within the meaning of Family Court Act § 413 (1) (f). Therefore, a hearing must be held to determine this issue (see, Matter of Karras v Olton, 244 AD2d 409; Matter of Commissioner of Social Servs. [Selena S.] v Conrad R.W., 222 AD2d 585). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.