■ MARY L. CALLEN, Respondent, v PETER J. CALLEN, Appellant. [731 NYS2d 772] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Jung, J.) ordering, *inter alia*, child support and equitable distribution of the parties' marital property, entered September 3, 1999 in Fulton County, upon a decision of the court.

The parties married in June 1984 and have two children, born August 3, 1991 and September 25, 1995. In December 1997, plaintiff commenced a divorce action seeking various relief and, thereafter, defendant counterclaimed for, *inter alia*, a judgment of divorce. In February 1999, the parties entered into a stipulation which provided that defendant have sole custody and plaintiff have certain visitation rights. The parties also consented to the entry of dual divorces, however, reserved issues pertaining to equitable distribution, child support and spousal maintenance for trial. Following that trial, Supreme Court directed defendant to pay maintenance to plaintiff in the amount of $100 per week for a period of two years from the date of the entry of the judgment. The court also set plaintiff's child support obligation at $25 per week "for a period of up to two years," a deviation from the Child Support Standards Act (*see*, Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). Defendant appeals.

Defendant contends that Supreme Court erred in imputing

only $10,000 annual income to plaintiff for the purpose of calculating her child support obligation. We have noted that "a court need not rely upon a parent's own account of his or her finances in determining child support * * * and may attribute or impute income 'based upon a prior employment experience * * * as well as such parent's future earning capacity in light of that party's educational background'" (*Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed and lv denied* 91 NY2d 829, quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [citations omitted]; *see, Carlson-Subik v Subik*, 257 AD2d 859, 860). While the evidence indicated that plaintiff, who holds a two-year Associate's degree in liberal arts, earned as much as $18,000 in 1991, it also showed that she earned substantially less in the years subsequent to 1991 though employed full time. She left the workforce in 1996 to raise their children and, in fact, applied for public assistance in December 1997 for herself and the children. The evidence further revealed that in April 1998, she attempted suicide which required her hospitalization for five days. After her discharge, plaintiff went to live with her mother. The children, in defendant's custody, remained at the marital residence. Plaintiff underwent mental health counseling and treatment for her alcoholism. Upon her discharge, she obtained employment. Plaintiff testified that she was working 30 hours per week at a preschool earning $5.50 per hour ($8,580 annually) because it gave her the flexibility to keep her supervised visits with the children from 1:00 P.M. to 7:30 P.M. each Monday and each weekend day that defendant has scheduled duty with the Gloversville Fire Department. Under the circumstances, we find Supreme Court acted within its discretion when it imputed an annual income of $10,000 to plaintiff. We further note that Supreme Court did not err by failing to impute income to plaintiff for various benefits that she received from her mother and boyfriend (*see, Matter of Mitchell v Mitchell*, 264 AD2d 535, *lv denied* 94 NY2d 754).

Additionally, we find no error in Supreme Court's determination to deviate from the CSSA based upon its finding that a strict application of the formula was unjust and inappropriate. We note that the court adequately set forth its reasoning for the deviation after considering the appropriate statutory factors (*see,* Domestic Relations Law § 240 [1-b] [f]), including defendant's greater financial resources, the children's unchanged standard of living despite the dissolution of the parties' marriage, the tax consequences to the parties based upon the payment and receipt of maintenance, and the disparity in the parties' gross incomes.

Furthermore, we find that Supreme Court did not err in failing to prorate the parties' respective shares of the children's reasonable health care expenses not covered by insurance (*see*, Domestic Relations Law § 240 [1-b] [c] [5]) or reasonable child care expenses (*see*, Domestic Relations Law § 240 [1-b] [c] [6]). Those additions are only appropriate when the basic child support obligation is determined pursuant to paragraph (c) of Domestic Relations Law § 240 (1-b) and not when child support is fixed under paragraph (g) as in the instant case (*cf.*, *Matter of Cary [Mahady] v Megerell*, 219 AD2d 334, 337, *lv dismissed* 88 NY2d 1065).

Lastly, we find that Supreme Court did not abuse its discretion in awarding plaintiff maintenance in the amount of $100 per week for a period of two years. In determining the amount and duration of maintenance, the court appropriately considered, *inter alia*, the duration of the marriage, the age and health of both parties, the disparity in earning capacity between the parties, the reduced lifetime earning capacity of plaintiff and plaintiff's contribution as spouse, wage earner and homemaker (*see*, Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 51).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.