■ In the Matter of NORTH GUILFORD COUNTY, on Behalf of FELICIA SANDERS, Appellant, v RAYMOND J. CAMPBELL, Respondent. [762 NYS2d 87] —In a child support proceeding pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), the petitioner appeals from an order of the Family Court, Dutchess County (Forman, J.), entered March 6, 2002, which denied its objections to an order of the same court (Kaufman, H.E.), entered November 20, 2001, which, after a hearing, inter alia, awarded child support in the sum of only $81 per month.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the objection to so much of the order as awarded child support in the sum of only $81 per month and substituting therefor a provision sustaining the objection to the extent of awarding the sum of $91 per week; as so modified, the order is affirmed, without costs or disbursements.

Felicia Sanders and the respondent Raymond Campbell had

two children out of wedlock, Isaiah Campbell and Desiree Sanders. Isaiah resides in Dutchess County with the respondent, the respondent's wife, and their daughter, who was eight years old at the time of the hearing. Desiree resides with her mother in North Guilford County, North Carolina. Felicia Sanders receives public assistance in North Guilford County.

In 2001 North Guilford County, on behalf of Felicia Sanders, filed a petition in the Family Court, Dutchess County, requesting, inter alia, an establishment of paternity for Isaiah and Desiree, and a current order of child support. After the respondent admitted to paternity of the two children, a hearing was held to determine his child support obligation for Desiree. The Hearing Examiner determined that, pursuant to the statutory guidelines contained in the Child Support Standards Act (hereinafter the CSSA), the respondent was required to provide a level of support for his daughter in the amount of $91 per week. However, the Hearing Examiner decided to deviate from the CSSA standards and set the child support obligation at $81 per month "to meet the [public assistance] grant to take this child off public assistance, and * * * based on the needs of the two other children in [the respondent's] household and the fact that he is the sole support of those children." The petitioner thereafter filed objections with the Family Court, but the Hearing Officer's determination was upheld. We modify.

Application of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of support (*see Matter of Keay v Menda,* 210 AD2d 483 [1994]; *Michael N.G. v Elsa R.,* 199 AD2d 81 [1993]; *Matter of Maddox v Doty,* 186 AD2d 135 [1992]). The presumption may be rebutted, and the support obligation adjusted, upon the court's finding that the noncustodial parent's support obligation is "unjust or inappropriate" (Family Ct Act § 413 [1] [f]). This finding must be based upon consideration of certain factors which are enumerated in the statute, including "[t]he needs of the children of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action" (Family Ct Act § 413 [1] [f] [8]). In this case, there is no indication that the resources available to support Isaiah and respondent's other child are less than the resources available to support Desiree (*see Matter of Picciullo v Collein,* 226 AD2d 643 [1996]).

In addition, it has been consistently held that the application for support on behalf of a recipient of public assistance should not be limited to the amount of a public assistance grant (*see Matter of Commissioner of Social Servs. [Wandel] v*

*Segarra,* 78 NY2d 220 [1991]; *Matter of Commissioner of Social Servs. [Selena S.] v Conrad R.W.,* 222 AD2d 585 [1995]; *Matter of Commissioner of Social Servs. [Griffin] v Galloway,* 184 AD2d 261 [1992]). Moreover, nothing in the Family Court Act limits a parent's obligation to support his child to the child's portion of a public assistance grant.

Accordingly, the respondent failed to rebut the presumption that the application of the CSSA guidelines yielded the correct amount of child support. Santucci, J.P., Krausman, Townes and Mastro, JJ., concur.