In the Matter of PETER SANTIAGO, Appellant, v ELIZABETH ROMAN, Respondent. [774 NYS2d 753]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Turbow, J.), dated September 30, 2002, which denied his objections to an order of the same court (Levy, H.E.), dated June 13, 2002, which, after a hearing, inter alia, granted the mother's petition for an upward modification of child support.

Ordered that the order dated September 30, 2002, is reversed, on the law, without costs or disbursements, the objections are sustained, the order dated June 13, 2002, is vacated, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination in accordance herewith; and it is further,

Ordered that pending the new hearing and determination, the father shall pay child support in the sum of $56 per month, in accordance with the order dated June 13, 2002.

There was insufficient evidence before the Family Court to ensure a proper determination of the father's child support obligation under the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413). The hearing examiner, in its application of the CSSA, allocated 100% of the parental income to the father. In addition, the hearing examiner found that no deviation from the CSSA was warranted based on the needs of the father's other three children whom he supports, because his current wife made a lifestyle choice to home school those children, and not to work outside the home. Without any inquiry having been made concerning the mother's ability to work, we cannot determine whether the support obligation imposed upon

the father was proper under the CSSA, or was otherwise unjust or inappropriate (*see* Family Ct Act § 413 [1] [f] [8]; *cf. Matter of Wevers v Brizzi,* 90 AD2d 797 [1982]).

Accordingly, we remit the matter for a new hearing to determine the father's child support obligation. Pending that determination, the father shall continue to pay child support of $56 per month. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.