■ In the Matter of TIQKIA HUDGINS, Respondent, v ILIYAAS BLAIR, Appellant. [903 NYS2d 535]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated June 9, 2009, as denied his objections to an order of the same court (Joseph-Cherry, S.M.), dated January 29,

2009, which, inter alia, awarded the petitioner the sum of $136 biweekly as basic child support and $220 biweekly for child care and directed him to pay arrears.

Ordered that the order dated June 9, 2009, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the objections are sustained to the extent that the provisions of the order dated January 29, 2009, directing the payment of basic child support, child care expenses, and arrears, are vacated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing, determination, and findings of fact in accordance herewith; and it is further,

Ordered that pending a new determination as to the father's child support obligation, the father shall continue to pay the sum of $136 biweekly for the support of the subject child, in accordance with the order dated January 29, 2009.

At issue in this case is the father's obligation to support his child with the petitioner mother, born February 21, 2008 (hereinafter the subject child). The father is married, and also has two children of that marriage.

The mother works 30 hours per week. After deducting social security and medicare taxes from the annual income of the mother and the father, the Family Court determined that the combined parental income for the subject child was $37,844.45, the basic child support obligation of both parents was 17% of $37,844.45, or $124 per week, and the father's share of the basic child support obligation was 55% of $124, or $136 every two weeks. The father also was directed to pay 55% of the mother's child care expenses, which constituted an additional $220 every two weeks.

In determining whether the father's child support obligation was unjust or inappropriate in light of his obligation to support his other two children, the support magistrate concluded that the father's wife's annual gross income was $12,747.28. Adding that figure to the father's annual gross income of $22,649.58, the support magistrate concluded that the father's annual household income was $35,396.86, while the annual household income of the subject child was the annual gross income of the mother of $18,330. Since the household income of the children of the father and his wife, as determined by the Family Court, exceeded the household income of the subject child, the father was denied any adjustment for his obligations to his other two children.

Thereafter, in written findings of fact, the support magistrate stated that she denied the father any "deviation from the

presumptively correct amount" of child support based upon his obligations to his other two children, on the ground that the father failed to present evidence that he had a legal obligation to support those children, and failed to submit proof that he was, in fact, providing support for them. The support magistrate issued an order dated January 29, 2009.

The father filed timely objections to the support magistrate's order, claiming, inter alia, that the support magistrate did not take into consideration his obligation to support his other two children. In the order appealed from, the Family Court stated that these objections were without merit.

One of the factors to consider in determining whether the basic child support obligation pursuant to Family Court Act § 413 (1) (c) is unjust or inappropriate, is: "The needs of the children of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action and whose support has not been deducted from income pursuant to subclause (D) of clause (vii) of subparagraph five of paragraph (b) of this subdivision [child support actually paid pursuant to a court order], and the financial resources of any person obligated to support such children, provided, however, that this factor may apply only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action" (Family Ct Act § 413 [1] [f] [8]). If the basic child support amount computed pursuant to Family Court Act § 413 (1) (c) is unjust or inappropriate, child support is to be determined pursuant to Family Court Act § 413 (1) (g), based upon "such amount of child support as the court finds just and appropriate." Further, additional expenses for child care and medical expenses which must be awarded when child support is determined pursuant to Family Court Act § 413 (1) (c), need not be awarded if child support is determined pursuant to Family Court Act § 413 (1) (g) (see Callen v Callen, 287 AD2d 818, 820 [2001]).

The Family Court could only take the needs of the father's other two children into account if the resources available to support them were less than the resources available to support the child who is the subject of the proceeding (see Matter of Palmieri v La Conti, 242 AD2d 537, 538 [1997]). However, in reaching this threshold determination as to how the father's resources should be utilized, the support magistrate should not have considered the father's resources in determining the resources of either his intact family or the subject child's family. Since the father's wife's income is less than the income of the mother, the resources available to support the children of the

marriage are less than the resources available to support the subject child (see Matter of Santiago v Roman, 5 AD3d 689 [2004]).

Moreover, in her written findings of fact, the support magistrate made what was, essentially, a finding contrary to her prior conclusion that the father's income constituted resources of the children of the marriage, when she found that their needs could not be considered because the father failed to establish that he was, in fact, providing support for them. Since these children were the children of his marriage, he clearly had a legal obligation to support them. Further, the father stated in open court that he gave his wife $150 biweekly in cash for their support.

In view of the foregoing, we reverse the order dated June 9, 2009, insofar as appealed from, sustain the father's objections to the extent that the provisions of the order dated January 29, 2009, directing the payment of basic child support, child care expenses, and arrears, are vacated, and remit the matter to the Family Court, Suffolk County, for a new hearing and determination, and for findings of fact as to whether the child support obligation imposed was unjust or inappropriate in light of the father's obligation the support the children of his marriage. Since the determination of the father's basic child support obligation must be set aside, the determination of his child-care obligation also must be set aside (see Callen v Callen, 287 AD2d at 820).

The father's remaining contention need not be addressed in light of our determination. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.