■ In the Matter of ROBIN SMITH, Respondent, v WILLIAM EVANS, Appellant. [906 NYS2d 289]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (O'Connor, J.), dated August 12, 2009, as granted his objection to that portion of an order of the same court (Blaustein, S.M.), dated June 5, 2009, as, after a hearing, directed him to pay child support in the sum of $340 per week commencing June 15, 2009, only to the extent of remitting the matter to the Support Magistrate for "the required articulation in the findings of fact, if warranted."

Ordered that the order dated August 12, 2009, is modified, on the law, by deleting the words "if warranted" from the last sentence of the provision thereof entitled "CHILD SUPPORT STANDARDS ACT PERCENTAGE OF 17% APPLIED TO COMBINED PARENTAL INCOME OVER $80,000"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for the Support Magistrate to articulate the basis for the application of the statutory percentage to parental income over $80,000, and for a new determination of the father's objection thereafter.

A court's application of the Child Support Standards Act (Family Ct Act § 413) creates a rebuttable presumption that the guidelines contained therein will yield the correct amount of child support (*see Matter of North Guilford County v Campbell*, 305 AD2d 686, 687 [2003]; *Matter of Commissioner of Social Servs. v Brown*, 229 AD2d 537, 538 [1996]; *Matter of Maddox v Doty*, 186 AD2d 135 [1992]). Although the presumption may be rebutted by a showing that the amount yielded by the statutory formula is unjust (*see Matter of North Guilford County v Camp-*

*bell*, 305 AD2d at 687), the burden to rebut the presumption lies with the party contesting application of the statutory percentage (*see Matter of Tanya H. v Percy L.*, 228 AD2d 439 [1996]). Here, the father failed to present to the Support Magistrate any evidence that his income from rental property should have been discounted or disregarded in light of the expenses he incurred in connection with those properties. Accordingly, the Family Court properly denied the father's objection to the Support Magistrate's inclusion of his rental income in determining the parents' combined income, his share thereof, and his support obligation (*id.*).

We note that while the Family Court properly granted the father's objection to that portion of the Support Magistrate's order which directed him to pay child support in the sum of $340 per week commencing June 15, 2009, to the extent of remitting the matter to the Support Magistrate because it failed to sufficiently articulate the reasons for applying the statutory percentage to combined parental income in excess of $80,000 annually (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Miller v Miller*, 55 AD3d 1267, 1268-1269 [2008]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]; *Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]; *Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999]), the Family Court incorrectly directed the Support Magistrate to make additional findings only "if warranted." Accordingly, the order must be modified to clarify the Support Magistrate's duty to articulate the basis for the application of the statutory percentage to parental income over $80,000 (*see Matter of Cassano v Cassano*, 85 NY2d at 655; *Matter of Wienands v Hedlund*, 305 AD2d at 693), and the matter must be remitted to the Family Court, Queens County, for a new determination of the father's objection thereafter. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.