In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Danoff, J.), dated March 30, 2012, which denied his objections to so much of an order of the same court (Fasone, S.M.) dated January 10, 2012, as, after a hearing, granted his petition for downward modification of his child support obligation only to the extent of reducing his obligation to the sum of $1,074 per month, and failed to make a corresponding reduction in the amount of his child support arrears which accrued before he filed his petition.
Ordered that the order dated March 30, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father’s objection to so much of the order dated January 10, 2012, as granted his petition for downward modification of his child support obligation to the extent of reducing his obligation to the sum of $1,074 per month, and substituting therefor a provision granting that objection in its entirety and vacating that portion of the order dated January 10, 2012; as so modified, the order dated March *927 30, 2012, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing on the father’s petition, and for a new determination of the petition thereafter; and it is further,
Ordered that pending a new determination as to the father’s child support obligation, the father shall continue to pay the sum of $1,074 monthly (consisting of $936 in basic child support and $138 for child care expenses) for the subject child, in accordance with the order dated January 10, 2012.
At issue on this appeal is the father’s obligation to support his child (hereinafter the subject child), who was born in 1998. The father and the child’s mother never married. In 2010 the mother petitioned for child support, and the Family Court issued a support order upon the father’s default in opposing the petition. Very shortly thereafter, the father petitioned, inter alia, for a downward modification, arguing that his income was lower than the court had accounted for in the order entered on default, and noting that he had married another woman and had four other children, one of whom was less than one year old when he filed his petition for modification. Although the Support Magistrate granted a downward modification, nunc pro tunc to the date of the petition for modification, the Support Magistrate nevertheless ordered child support in accordance with the Child Support Standards Act (Family Ct Act § 413), and did not make a corresponding reduction in the amount of arrears which accrued before the father filed his petition. The father filed objections to the order, the Family Court denied the objections, and the father appeals.
The father contends that when the Support Magistrate reduced his child support obligation, he should have made a corresponding reduction in the amount of the father’s child support arrears which accrued before he filed his petition. This contention is without merit. A court “ha[s] no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation” (Grossman v Composto-Longhi, 96 AD3d 1000, 1002 [2012] [internal quotation marks omitted]; see Hasegawa v Hasegawa, 290 AD2d 488 [2002]). A downward modification can only apply prospectively (see Fruchter v Fruchter, 29 AD3d 942 [2006]).
However, the Support Magistrate improvidently exercised his discretion in granting the father’s petition only to the extent of reducing his obligation to the sum of $1,074 per month. If the basic child support amount computed pursuant to Family Court Act § 413 (1) (c) is unjust and inappropriate, child support is to *928 be determined pursuant to Family Court Act § 413 (1) (g), based upon “such amount of child support as the court finds just and appropriate.” Furthermore, additional expenses for child care, which must be awarded when child support is determined pursuant to Family Court Act § 413 (1) (c), need not be awarded if child support is determined pursuant to Family Court Act § 413 (1) (g) (see Matter of Hudgins v Blair, 74 AD3d 1199, 1200 [2010]; Callen v Callen, 287 AD2d 818, 820 [2001]).
Here, the father demonstrated that his wife’s income is lower than the mother’s income, so there are fewer resources available to support the children of his marriage than there are to support the subject child (see Family Ct Act § 413 [1] [f] [8]; Matter of Hudgins v Blair, 74 AD3d at 1200; Matter of Santiago v Roman, 5 AD3d 689 [2004]). Moreover, given the level of education completed by the father’s wife, and the fact that she is the caretaker of four children, including a baby, her ability to contribute to her family’s earnings is severely circumscribed. Under these circumstances, it was unjust and inappropriate for the child support award to be calculated pursuant to Family Court Act § 413 (1) (c).
Accordingly, we remit the matter to the Family Court, Kings County, for a new determination of child support pursuant to Family Court Act § 413 (1) (g). Eng, EJ., Skelos, Dillon and Sgroi, JJ, concur.