Matter of McCloskey v Fleming (2020 NY Slip Op 07577)





Matter of McCloskey v Fleming


2020 NY Slip Op 07577


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-07740
 (Docket No. F-493-16/18F)

[*1]In the Matter of Darren Robert McCloskey, appellant, 
v
Christine Fleming, respondent.


Darren R. McCloskey, named herein as Darren Robert McCloskey, Yonkers, NY, appellant pro se.
Christine Fleming, Staten Island, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated May 7, 2019. The order denied the father's objections to an order of the same court (Keri A. Fiore, S.M.), dated February 22, 2019, which, inter alia, directed him to pay child support in the sum of $636 per month and health insurance premiums in the sum of $87.40 per month.
ORDERED that the order dated May 7, 2019, is affirmed, without costs or disbursements.
The mother and the father are the parents of one child. In December 2015, the mother was awarded physical custody of the child and thereafter commenced a proceeding pursuant to Family Court Act article 4 for child support. After a hearing, the Support Magistrate issued an order dated August 4, 2017, pursuant to which the father was directed to pay, inter alia, child support in the sum of $1,094 per month and health insurance premiums in the sum of $137.97 biweekly.
Thereafter, the father filed a petition seeking a downward modification of his child support obligation. Following a hearing at which the mother consented to a downward modification, the Support Magistrate modified the order of support by, inter alia, directing the father to pay child support in the sum of $636 per month and health insurance premiums in the sum of $87.40 per month.
The father filed objections to the Support Magistrate's order contending, among other things, that his rental income from certain real property he owned in Yonkers should not have been included in the child support calculations, and the child support obligation would place him below the New York self-support reserve. In an order dated May 7, 2019, the Family Court denied the father's objections. The father appeals from that order.
Here, the Support Magistrate providently exercised her discretion in imputing rental income from the father's Yonkers property. The father failed to present any evidence that his income from the Yonkers property should have been discounted or disregarded in light of the expenses that he incurred in connection with that property (see Matter of Smith v Evans, 75 AD3d 603, 604). [*2]Similarly, the record is devoid of evidence sufficient to substantiate the father's contention that his child support obligation reduces his income below the "self-support reserve" (Family Ct Act § 413[1][b][6]; see Matter of Madura v Nass, 304 AD2d 579, 580). Therefore, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order.
The father's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court