■ In the Matter of ABDUL KAHEEM UNIQUE MOHAMMED JEWEL CAMERON C., Also Known as DAVID C., a Child Alleged to be Neglected. DERRICK ANTONIE B., Also Known as FRED B., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent. [606 NYS2d 178] —Order, Family Court, New York County (Leah Marks, J.), entered December 18, 1992, which, *inter alia,* terminated respondent's parental rights pursuant to Social Services Law § 384-b, unanimously reversed, on the law and on the facts, without costs or disbursements, the fact-finding determination vacated, and the matter remanded for further proceedings.

Respondent had been continuously incarcerated from July 31, 1989 until the filing of the agency's permanent neglect petition on August 20, 1990. At the first scheduled fact-finding hearing to be held on November 13, 1990 respondent, represented by counsel, was not produced. There were a number of subsequent adjournments, at most of which respondent was not produced or, if produced, produced too late to conduct the hearing. On one occasion, respondent was unavailable due to his rearrest after being paroled. Respondent was not produced on the next adjourned date, prompting the court to adjourn the matter to February 18, 1992, "final" against respondent. On February 18, 1992, the matter was adjourned at the agency's request until April 8, 1992, and, on that date, adjourned again until June 23, 1992, at which time respondent was not produced. The court, noting that the case had "been on for years" again marked the matter "final" against respondent and adjourned the matter until August 27, 1992. He was not produced on August 27, 1992 either. His counsel conceded that he did not contact the Rikers Island personnel with respect to respondent's production until the day before. The matter proceeded to inquest, at which respondent's counsel refused to participate due to his client's absence. The evidence adduced at the hearing amply supported the court's finding by clear and convincing proof of permanent neglect. Respondent's motion to vacate the fact-finding determination was denied. After a subsequent dispositional hearing on September 24, 1992, at which respondent was not present, despite an order to produce him, and at which his counsel did not participate, the court found that it was in the child's best interests to terminate respondent's parental rights and commit the child to the Agency and the Commissioner of Social Services for adoption. We reverse.

Based on the record before the court, there was sufficient evidence to support a finding that respondent's parental rights should have been terminated. The court should not, however, have proceeded to either a fact-finding or dispositional determination in respondent's absence. (See, Matter of Kendra M., 175 AD2d 657.) Absent unusual circumstances a parent's rights should not be terminated without his or her presence at the hearing. (Matter of Laticia B., 156 AD2d 681, 682.) On this record, there is no suggestion that respondent ever waived his right to be present. As the record shows, he was produced on some of the adjourned dates. In fact, on the inquest date as to the fact-finding determination, there was some question as to whether the Rikers Island authorities had been properly

notified. At the dispositional hearing an order to produce had been served.

As to the argument that an appeal does not lie in favor of the defaulting party from an order granted on default, we are loathe to view as a default a situation where a party's absence is occasioned by the Correction Department's failure to produce an inmate. Before proceeding to a hearing in respondent's absence the court should have itself made further inquiry and undertaken the necessary steps to assure respondent's production. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.