■ In the Matter of LAVON M. MEYERS, Petitioner, v PETER J. CICCI, SR., Respondent. MARGARET McCARTHY, as Law Guardian, Appellant. [650 NYS2d 353] —Mikoll, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered June 20, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

The issue before us is whether Family Court erred in setting respondent's support obligation below the level established by the Child Support Standards Act (hereinafter CSSA). Petitioner and respondent had one child together, Peter, who was born in 1978. The parties divorced and are now remarried. Petitioner has four minor children from her second marriage. She is the sole support of those children, of Peter and of her disabled husband. The family lives on an income of $9,062 a year. Respondent has three minor children with his present wife. He earns $21,258.66 a year. After deductions for FICA and Medicare, his income is $19,632.37 per year. According to CSSA, respondent's support obligation is 17% of his disposable income, that is, $62.80 per week.

The Hearing Examiner reduced respondent's support pursuant to Family Court Act § 413 (1) (f) (8) to $15 a week based on the fact that respondent now supports three children and that respondent's family income fell below the self-support reserve for a family of five. This appeal by the Law Guardian ensued.

The Law Guardian contends that Family Court improperly deviated from the level of support mandated by CSSA. We agree. Family Court Act § 413 (1) (a) states that a court may vary from the amount of basic support determined pursuant to section 413 (1) (c) only in accordance with Family Court Act § 413 (1) (f). As is urged by the Law Guardian, the needs of subsequent children of the noncustodial parent for whom the noncustodial parent is providing support, who are not subject to the action under consideration and whose support has not been deducted from the parent's income pursuant to a written agreement or court order (*see,* Family Ct Act § 413 [1] [b] [5]

[vii] [D]), may be considered by the court provided, however, that this factor may apply only if the resources available to support the children are less than the resources available to support the children who are the subject to the instant proceeding. Here, neither Family Court nor the Hearing Examiner made findings necessary to justify the reduction (*see, Matter of Copeland v Evans*, 181 AD2d 1062; *Matter of Cox v Cox*, 181 AD2d 201). There has been no showing that the resources available to support respondent's children from his subsequent marriage are less than those available to support the child who is the subject of the instant proceeding. In fact, the record indicates the contrary. Consequently, respondent's reliance on Family Court Act § 413 (1) (f) (8) is unfounded. We note too that respondent failed to supply a verified financial statement in the proceeding. Additionally, his wife's sources of income, if any, have not been elucidated on the record.

Family Court also erred in attempting to justify its reduction of the mandated CSSA support amount based on the exclusion in the CSSA alluding to income which falls below the self-support level (*see,* Family Ct Act § 413 [1] [b] [6]; [a]; [d]). The language of the statute clearly applies to the self-support reserve of an individual and not a family as interpreted by Family Court. The reserve is intended to provide for the needs of the noncustodial parent. Since respondent's income clearly exceeds this amount, the reduction cannot be based on this statute.

Accordingly, Family Court's order is reversed and respondent's child support for Peter is ordered to be set at $62.80 a week pursuant to the CSSA formula.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, objections to the Hearing Examiner's order of support sustained and respondent is directed to pay child support in the weekly amount of $62.80 for his son Peter.