■ In the Matter of PATRICIA L. HEWITT, Appellant, v KEVIN D. HEWITT, SR., Respondent. [669 NYS2d 397] —Peters, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered December 16, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

Pursuant to the parties' 1985 separation agreement, incorporated but not merged into the judgment of divorce, respondent agreed to pay $350 in monthly child support for his two children, with its adequacy to be reviewed in 1989. Upon such review, they informally agreed to increase the total monthly obligation to $400.

In 1996, petitioner commenced this proceeding for an upward

modification,* securing a temporary order prior to the hearing reflecting the parties' informal agreement. At the hearing, petitioner testified to her 1995 gross annual earnings of $27,515, thereafter supporting and explaining those amounts noted on her financial affidavit with available documentary evidence. She further testified that she, along with the children, reside with her fiance, Jeffrey Hatter, who explained that despite his 1995 gross annual earnings of $24,137, he merely pays for the cable television bill, his own food and one third of the household expenses for electric, gas and rent.

Respondent, residing with his third wife, their child and his wife's child from a previous relationship, established his 1995 gross annual income to be $43,385, subject to a $101.20 weekly child support obligation for a child not subject to this proceeding. Respondent's wife testified that although she currently works 15 hours a week at $5 per hour, she recently worked full time at an analytical laboratory earning approximately $13,500 per year. She further testified that although a support order was in effect for her daughter, the payments were in arrears and therefore respondent had been supporting her and her child.

Purporting to apply the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA) but failing to deduct respondent's court-ordered child support payments or Social Security taxes paid from the parties' incomes, the Hearing Examiner calculated respondent's weekly child support obligation to be $176. Thereafter, considering how the strict application of the CSSA would affect each parties' per capita income, balanced by the needs of respondent's new family and subsequent children, the Hearing Examiner, despite the absence of a downward modification petition, deviated from the CSSA and set respondent's weekly child support obligation at $80. Upon Family Court's denial of petitioner's objections, this appeal ensued.

With no timely objection challenging petitioner's proffer of the children's increased needs, we limit our review to determining whether the award was properly calculated (see, Nicholas v Cirelli, 209 AD2d 840). Upon our finding that the Hearing Examiner failed to subtract Social Security taxes and respondent's court-ordered child support payments prior to computing the combined parental income, compounded further by a failure to multiply the combined parental income by the applicable 25% child support percentage prior to determining respondent's obligation (see, Family Ct Act § 413 [1] [b], [c]),

---

* No cross petition seeking a downward modification was filed by respondent.

remittal of this matter to Family Court becomes necessary (*see, Juneau v Juneau*, 206 AD2d 647).

We further note that there exists no basis in this record to support a deviation from the strict application of the CSSA (*see, Matter of Meyers v Cicci*, 233 AD2d 723; *Matter of Rochler v Rochler*, 215 AD2d 831; *see also*, Family Ct Act § 413 [1] [f]). While the needs of a noncustodial parent's subsequent children may be considered in determining whether the amount set by the CSSA is unjust or inappropriate, it is not a "defense" to a parent's child support obligation (*see*, Family Ct Act § 413 [1] [f] [8]). Such a factor may "apply only if the resources available to support [such] children are less than the resources available to support the children who are subject to the instant [proceeding]" (*id.*; *see, Matter of Meyers v Cicci, supra*, at 724). Having failed to consider the income or potential income which may be earned by respondent's wife or her efforts to collect the child support that she was entitled to receive, we find no evidence indicating that the available resources to support respondent's other children were less than those available to support the children subject to this proceeding.

Hence, we modify Family Court's order by reversing so much thereof as set forth respondent's weekly child support obligation at $80, reinstate the temporary child support order of $400 monthly and remit the matter to Family Court for further proceedings.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as established respondent's weekly child support obligation at $80; temporary monthly child support order of $400 is reinstated and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.