*677 The Family Court properly determined that the father has the ability to pay child support in the sum of $738 per month (see Family Ct Act § 413). “A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent” (Matter of Julianska v Majewski, 78 AD3d 1182, 1183 [2010]), and we accord deference to a support magistrate’s credibility determinations (see Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947 [2011]; Matter of Tsarova v Tsarov, 59 AD3d 632, 633 [2009]). Here, the Support Magistrate’s findings regarding the father’s income, which were based on credibility determinations, are supported by the record. Accordingly, they should not be disturbed (see Matter of Gebaide v McGoldrick, 74 AD3d 966, 967 [2010]; Matter of Kennedy v Ventimiglia, 73 AD3d 1066, 1067 [2010]).
The father’s contention that the Support Magistrate erred in failing to consider his obligation to support his three custodial children is unpreserved for appellate review, as he failed to raise that issue in the objections before the Family Court (see Matter of Elia v Elia, 299 AD2d 358 [2002]; Matter of Stone v Stone, 236 AD2d 615, 615-616 [1997]). In any event, the Support Magistrate did not improvidently exercise his discretion in declining to consider the father’s obligation to support his three custodial children in determining his responsibility to support the noncustodial subject child (see Family Ct Act § 413 [1] [f]). “In determining whether the full amount of support under the standard guideline would be unjust or inappropriate, the court may consider the needs of the children of the noncustodial parent who are not the subject of the support proceeding and for whom the noncustodial parent is providing support. However, the court may only take this factor into consideration where the resources available to support such children are less than the resources available to support the children who are the subject of the proceeding” (Matter of Palmieri v La Conti, 242 AD2d 537, 538 [1997] [citation omitted]; see Family Ct Act § 413 [1] [f] [8]). Upon the record before the Support Magistrate, the evidence did not support such a finding. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.