■ In the Matter of LATISHA T'KEYAH J. EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent; MONIE J., Appellant, et al., Respondent. [986 NYS2d 238]—

In a proceeding pursuant to Social Services Law § 384-b to

terminate parental rights on the ground of, inter alia, permanent neglect, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Salnitro, J.), dated March 6, 2012, as, upon an order of the same court dated January 26, 2012, denying his motion to vacate his default in appearing at the fact-finding and dispositional hearings, among other things, terminated his parental rights and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and Edwin Gould Services for Children and Families for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 26, 2012, is deemed to be a premature notice of appeal from the order of fact-finding and disposition (see CPLR 5520 [c]); and it is further,

Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the father's parental rights and transferred custody and guardianship of the child to the Commissioner of Social Services of the City of New York and Edwin Gould Services for Children and Families for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as terminated the father's parental rights and transferred custody of the subject child must be dismissed as academic, since the child has since reached the age of 18 (see Matter of Mia P.R.D. [David D.], 113 AD3d 679, 680 [2014]; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 730 [2012]; Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1033 [2010]). Nevertheless, the father's challenge to the finding of the Family Court that he permanently neglected the child, which was made in an order entered upon his failure to appear at the fact-finding and dispositional hearings, is not academic, since a finding of permanent neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings (see Matter of Mia P.R.D. [David D.], 113 AD3d at 680; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d at 730; Matter of Dariana K.C. [Katherine M.], 99 AD3d 899, 900 [2012]).

The Family Court properly denied that branch of the father's motion which was to vacate his default in appearing at the fact-finding and dispositional hearings, and the finding of permanent neglect made upon those defaults. The father's contention

that his failure to appear at the fact-finding and dispositional hearings amounted to something less than a default is not properly before this Court, since he did not raise it in the Family Court (*see Matter of Best v Hinds*, 113 AD3d 676 [2014]). In any event, the contention is without merit. The Family Court properly determined that the father's failure to appear constituted a default, and thereupon properly proceeded by inquest (*see Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498, 499 [2013]; *Matter of Joseph N.*, 45 AD3d 849 [2007]; *Matter of Geraldine Rose W.*, 196 AD2d 313, 316 [1994]; *cf. Matter of Abdul C.*, 200 AD2d 356, 357-358 [1994]; *Matter of Kendra M.*, 175 AD2d 657, 658 [1991]).

Since the father was properly held in default, to vacate the order entered upon his default in this proceeding for the termination of his parental rights, he was obligated to establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Mia P.R.D. [David D.]*, 113 AD3d at 680; *Matter of Annette J.S.J. [Rebecca F.]*, 106 AD3d 1087, 1087 [2013]; *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]). "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (*Matter of Mia P.R.D. [David D.]*, 113 AD3d at 680 [internal quotation marks omitted]; *see Matter of Annette J.S.J. [Rebecca F.]*, 106 AD3d at 1088; *Matter of Martique S.C. [Sharika C.]*, 101 AD3d 1116, 1116 [2012]).

Here, the father presented neither a reasonable excuse for his failure to appear at the fact-finding and dispositional hearings (*see Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]; *Matter of Viergela A.*, 40 AD3d 630, 631-632 [2007]; *Matter of Joosten v Joosten*, 32 AD3d 1030, 1030 [2006]; *Matter of Coates v Lee*, 32 AD3d 539, 539 [2006]; *Matter of Danielle R.*, 239 AD2d 305, 305 [1997]), nor a potentially meritorious defense to the allegation of permanent neglect (*see Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 942 [2011]; *Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 429 [2010]; *Matter of Kevin Donnell E.*, 288 AD2d 39, 39 [2001]; *Matter of Viergela A.*, 40 AD3d at 632). The father is currently serving an indeterminate term of imprisonment in connection with his conviction of a felony. The father suggested only unrealistic and unsuitable alternatives to foster care for the duration of the term of imprisonment, and these suggestions did not amount to planning for the child's future (*see Matter of Gregory B.*, 74 NY2d 77, 90 [1989]; *Matter of Baby Girl C. [Kevin S.]*, 1 AD3d 593, 594 [2003]).

The father's due process claim is without merit (*see Matter of*

*Vanessa F.*, 9 AD3d 464, 464-465 [2004]). Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.