■ In the Matter of EISHA A. HALL, Appellant, v LAFON C. PANCHO, Respondent. [51 NYS3d 149]—

Appeals by the mother from (1) an order of the Family Court, Nassau County (Elizabeth A. Bloom, S.M.), dated June 24, 2015, and (2) an order of that court (Thomas A. Rademaker, J.) dated July 31, 2015. The order dated June 24, 2015, after a hearing, inter alia, increased the father's child support obligation from the sum of $260 biweekly to the sum of only $425 biweekly. The order dated July 31, 2015, denied the mother's objections to the order dated June 24, 2015.

Ordered that the appeal from the order dated June 24, 2015, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 31, 2015; and it is further,

Ordered that the order dated July 31, 2015, is modified, on the law and the facts, by deleting the provision thereof denying the mother's objection to so much of the order dated June 24, 2015, as awarded child support in the sum of only $425 biweekly, and substituting therefor a provision granting that objection to the extent of awarding child support in the sum of $839.76 biweekly and otherwise denying that objection; as so modified, the order dated July 31, 2015, is affirmed, without costs or disbursements, and the order dated June 24, 2015, is modified accordingly.

The parties, who were never married, have one child in common, age 11. Pursuant to a prior order of support, the father was directed to pay biweekly child support in the sum of $260. In September 2014, the mother filed a petition seeking an upward modification of the father's child support obligation, requesting, inter alia, a fixed amount in child care expenses and a cost of living adjustment. Following a hearing, the Support Magistrate determined that, pursuant to the formula set forth in the Child Support Standards Act (hereinafter the CSSA), the father's pro rata share of the basic child support obligation, based on the father's annual adjusted gross income of $128,688.32 and a combined annual adjusted gross income of both parties of $175,937.99, would have amounted to biweekly payments in the sum of $839.76. However, the Support Magistrate deviated downward from the CSSA and determined that the father's child support obligation would be $425 biweekly. The Support Magistrate also denied those branches of the mother's petition which sought a fixed amount in child care expenses and a cost of living adjustment. The mother then filed objections to the Support Magistrate's order, which were subsequently denied by the Family Court in an order dated July 31, 2015. The mother appeals.

The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage to the combined parental income (see Family Ct Act § 413). Application of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of support (see Matter of Keay v Menda, 210 AD2d 483 [1994]; Michael N. G. v Elsa R., 199 AD2d 81 [1993]; Matter of Maddox v Doty, 186 AD2d 135 [1992]). The presumption may be rebutted, and the support obligation adjusted, upon the court's finding that the noncustodial parent's support obligation is "unjust or inap-

propriate" (Family Ct Act § 413 [1] [g]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]).

Although a court may consider "[t]he needs of the children of the non-custodial parent for whom the non-custodial parent is providing support who are not subject to the instant action" (Family Ct Act § 413 [1] [f] [8]) in determining whether the basic child support obligation is unjust or inappropriate, the statute mandates that this factor may only be considered where "the resources available to support such children are less than the resources available to support the children who are subject to the instant action" (Family Ct Act § 413 [1] [f] [8]). Furthermore, the court must also consider the "financial resources of any person obligated to support such children" (Family Ct Act § 413 [1] [f] [8]).

Here, the Support Magistrate failed to consider the financial resources of the father's wife in concluding that a deviation from the CSSA presumptive amount of child support was warranted based on the needs of the father's other two children (*see Matter of Hewitt v Hewitt*, 247 AD2d 751, 753 [1998]). Although the Support Magistrate noted that the income of the father's wife was approximately $35,000, no evidence was elicited as to the amount of any assets that the wife may have, nor was any evidence presented as to the value of her business, for which the father and the wife took a deduction on their income taxes. Thus, the Support Magistrate lacked sufficient information to conclude that the resources available to the father's other two children were less than the resources available to support the child at issue (*see id.* at 753) and, therefore, erred in finding that the needs of the father's other two children was a proper basis for deviating from the CSSA presumptive amount of child support (*see Matter of North Guilford County v Campbell*, 305 AD2d 686, 687 [2003]; *Matter of Hewitt v Hewitt*, 247 AD2d at 753).

Although the Support Magistrate properly rejected the father's inconsistent testimony about his income and correctly calculated the CSSA amount based on the father's most recent annual adjusted gross income as reflected in his income documents, the Support Magistrate improperly credited the father's disingenuous account of his economic situation and expenses, as the father's evidence as to both his income and his expenses was inconsistent, contradictory, and not supported by the record (*see Matter of Jones v Jones*, 239 AD2d 419, 419 [1997]). For example, the father testified that he paid $4,700 a month for his then 20-year-old daughter's college tuition and $400 a

month for his then 15-year-old daughter's college prep courses, but he provided no evidence of such payments, and his income tax documents contained no evidence of any college tuition credit or itemized deduction for same. The father's financial disclosure affidavit contradicts his testimony that he expended approximately $60,000 per year on educational expenses; in his affidavit, he indicated that such expenses equal only $6,000 every six months. The father also claimed on his financial disclosure affidavit that his annual salary, without overtime, was $34,000. He testified that the Support Magistrate should only consider his income to be $79,000 since his overtime income was only very recent, it varied, and he would not likely be receiving future overtime. In fact, the father's 2013 and 2014 income documents indicate that his overtime income was significant in those two years and his gross income increased from 2013 to 2014.

The father's testimony about his living expenses also contradicted his financial disclosure affidavit. His affidavit specifically indicates that he pays $2,000 a month for rent. However, he testified that he paid the mortgage for the house, and on cross-examination, he changed his testimony, admitting that his mother-in-law owns the home in which he and his family live and that his mother-in-law pays $3,000 a month for the mortgage. Notwithstanding that admission, the father's 2013 income tax statement indicates that he took a $14,087 deduction for mortgage interest paid and a $15,519 deduction for real estate taxes paid.

Since the Support Magistrate failed to consider the resources of the father's wife and improperly relied on the father's contradictory evidence as the bases for deviating from the CSSA presumptive amount of child support, the Family Court should have sustained the mother's objection to so much of the Support Magistrate's order dated June 24, 2015, as deviated from the presumptive CSSA amount (*see id.* at 419; *see also Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]), and should have awarded child support in the sum of $839.76 biweekly pursuant to the CSSA formula.

With respect to the issue of child care expenses, the mother's contention that the Support Magistrate erred in failing to impose a fixed amount for child care is unpreserved for appellate review, as she failed to raise that issue in her objections before the Family Court (*see Matter of Best v Hinds*, 113 AD3d 676, 677 [2014]; *Matter of Elia v Elia*, 299 AD2d 358 [2002]).

Similarly, the mother's contention that the Support Magis-

trate erred in failing to make a cost of living adjustment is unpreserved for appellate review, as she failed to raise that issue in her objections before the Family Court (*see Matter of Best v Hinds*, 113 AD3d at 677; *Matter of Elia v Elia*, 299 AD2d 358 [2002]).

The mother's remaining contentions are without merit. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.