Matter of Heintzman v Heintzman (2018 NY Slip Op 00145)





Matter of Heintzman v Heintzman


2018 NY Slip Op 00145


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-05202
2016-08109
 (Docket Nos. F-14662-13, F-16417-13)

[*1]In the Matter of Douglas G. Heintzman, respondent,
v
Jennifer C. Heintzman, appellant. (Appeal No. 1)
In the Matter of Douglas G. Heintzman, respondent-appellant,
v
Jennifer C. Heintzman, appellant-respondent. (Appeal No. 2)


Annette G. Hasapidis, South Salem, NY, for appellant in Appeal No. 1 and appellant-respondent in Appeal No. 2.
Douglas Heintzman, Toronto, Ontario, Canada, respondent pro se in Appeal No. 1 and respondent-appellant pro se in Appeal No. 2.



DECISION & ORDER
Appeal from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated March 25, 2016, and appeal and cross appeal from an order of that court dated June 30, 2016. The order dated March 25, 2016, denied the mother's objections to so much of an order of that court (Michele Reed Bowman, S.M.), dated September 21, 2015, as directed the parties to provide information concerning certain tuition and room and board expenses and directed the mother to produce a copy of her income tax return for the year 2012. The order dated June 30, 2016, insofar as appealed from, denied the mother's objections to (1) stated portions of an order of that court (Michele Reed Bowman, S.M.), dated March 7, 2016, which, inter alia, after a hearing, awarded her child support arrears only for the period between August 2013 and August 2014 and imputed income to her in the sum of $152,000 for the year 2014, and (2) so much of an order of that court (Michele Reed Bowman, S.M.), dated March 18, 2016, as dismissed, without prejudice, her petition alleging a violation of a prior order of support, granted the father's petition for a downward modification of his child support obligation, and directed the father to pay the sum of only $871 per month in child support for the parties' unemancipated child. The order dated June 30, 2016, insofar as cross-appealed from, denied the father's objections to (1) stated portions of the order dated March 7, 2016, which, inter alia, after a hearing, assessed the father's child support obligation at the sum of $4,791 per month for the period between August 2013 and October 2013 and at the sum of $4,743 per month for the period between November 2013 and August 2014, and directed the entry of a money judgment against the father in the principal sum of $20,243.81, (2) a second order of that court (Michele Reed Bowman, S.M.), also dated March 7, 2016, which granted the mother's motion for an award of counsel fees and directed the father to pay counsel fees in the sum of $5,700, and (3) so much of the order dated March 18, 2016, as recalculated his child support obligation effective April 16, 2015.
ORDERED that the order dated March 25, 2016, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated June 30, 2016, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying the mother's objection to so much of the first order dated March 7, 2016, as imputed income to her in the sum of $152,000 for the year 2014, and substituting therefor a provision granting that objection and vacating that portion of the first order dated March 7, 2016, (2) by deleting the provision thereof denying the mother's objection to so much of the order dated March 18, 2016, as directed the father to pay the sum of $871 per month in child support for the parties' unemancipated child, and substituting therefor a provision granting that objection and vacating that portion of the order dated March 18, 2016, and remitting the matter to the Support Magistrate for a new determination of the father's child support obligation with respect to the parties' unemancipated child, (3) by deleting the provision thereof denying the father's objections to so much of the first order dated March 7, 2016, as assessed his child support obligation at the sum of $4,791 per month for the period between August 2013 and October 2013 and at the sum of $4,743 per month for the period between November 2013 and August 2014, and directed the entry of a money judgment against the father in the principal sum of $20,243.81, and substituting therefor a provision granting those objections and vacating those portions of the first order dated March 7, 2016, and (4) by deleting the provision thereof denying the father's objection to the second order dated March 7, 2016, and substituting therefor a provision granting that objection and vacating the second order dated March 7, 2016, and thereupon denying the mother's motion for an award of counsel fees; as so modified, the order dated June 30, 2016, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a new determination of the parties' respective incomes for the years 2012, 2013, and 2014, and their proportionate shares of college education expenses, a new determination concerning the average costs of tuition and room and board at SUNY Albany and SUNY Binghamton for the school years 2013-2014, 2014-2015, and 2015-2016, and a recalculation of the father's child support obligation and the amount of child support arrears owed for the period between August 2013 and August 2014.
The parties were married in August 1989, and have three children together. In October 2004, the parties entered into a separation agreement, which was incorporated but not merged into their subsequent judgment of divorce. The separation agreement provided, in relevant part, that "[c]hild support shall be recalculated pursuant to the CSSA" upon the occurrence of an emancipation event, which included "a child attaining the age of 21 years, or, in the event that a child is attending college or other accredited institute of higher learning on a full time basis, until the earlier happening of the child's graduation or attaining the age of 22 years." Pursuant to the separation agreement, the parties agreed that they would each pay their proportionate share of "each child's college education expenses, based upon the proportion of the respective incomes of the parties established in the calendar year preceding each child's commencing college studies." They agreed that neither party would be required to contribute more than "his or her proportionate share of the average cost of tuition, room and board, and books" at SUNY Albany and SUNY Binghamton. The parties also agreed that the father was entitled to a credit toward his basic child support obligation in an amount equal to "the amount of room and board expenses paid by the [father] for the child residing at college," capped at a fractional amount "of the then child support."
In May 2010, an order of support was entered in the Supreme Court against the father upon the termination of his obligation to pay maintenance to the mother. The court applied the statutory percentage of 29% to parental income capped at $250,000, resulting in an annual child support obligation of $72,500. The court concluded that the father's pro rata share was 92%, or $66,700, based on the parties' respective income for the year 2009, but mistakenly fixed the father's monthly child support at the sum of $5,588 instead of the sum of $5,558.
In November 2013, the father filed a petition in the Family Court seeking a downward modification of his child support obligation on the ground, inter alia, that the parties' oldest child was emancipated. In December 2013, the mother filed an enforcement petition in the Family Court, alleging that the father owed the sum of $15,235.36 in child support arrears. In January 2014, an [*2]interim order was entered by the Family Court, directing the father to pay child support in the sum of $4,817 per month effective February 2014.
In an order dated December 15, 2014, the Support Magistrate denied the mother's enforcement petition and granted the father's modification petition to the extent of reducing his child support obligation to the sum of $3,258.33 per month for the period between November 7, 2013, and December 5, 2013, and to the sum of $2,215.66 per month effective December 6, 2013, when the oldest child became emancipated. The Support Magistrate reasoned that, pursuant to the separation agreement, the father was entitled to a credit in an amount equal to 12/29ths of the basic child support obligation for the period between November 7, 2013, and December 5, 2013, when child support was payable for three children and two children were residing at college. The Support Magistrate further reasoned that as of December 6, 2013, the father was entitled to a credit in an amount equal to 8/25ths of his "new annual child support" obligation of $39,100, since as of that date child support was payable for only two children and one was in college.
Both parties filed objections to the Support Magistrate's order. In an order dated April 6, 2015, the Family Court denied the father's objections and granted the mother's objections to the extent of remitting the matter to the Support Magistrate "for a recalculation of the monthly support payments consistent with the determination herein," and "for a determination on the merits" of the mother's enforcement petition. The court, after examining the relevant provisions of the separation agreement, determined that "[t]o properly calculate the changes to payments from the father to the mother as each child goes away to college and becomes emancipated, it is critical to first compute the average cost of room and board at SUNY Albany and SUNY Binghamton." It noted that under the separation agreement, the father "is permitted a credit in an amount up to the appropriate fractional portion of the direct support . . . however, this credit cannot be greater than the amount of the room and board actually paid by the father." The court stated that if there was insufficient evidence to determine "the proper room and board credit to apply, the issue must be [remitted] for a rehearing on that limited issue only."
On April 16, 2015, the father filed a petition for a downward modification of his child support obligation on the ground, inter alia, that the parties' middle child was emancipated. In July 2015, the mother filed a violation petition alleging that the father failed to pay child support as ordered and that his violation was willful.
By order dated September 21, 2015, the Support Magistrate directed the parties to provide information concerning, among other things, tuition and room and board expenses at SUNY Binghamton for the year 2013-2014, and tuition and room and board expenses at SUNY Albany for the years 2013-2014, 2014-2015, and 2015-2016. The Support Magistrate also directed the mother to provide a copy of her income tax return for the year 2012. The mother filed objections to the Support Magistrate's order, which were denied in an order of the Family Court dated March 25, 2016. The mother appeals from that order.
Meanwhile, a hearing was held on October 5, 2015, at which the mother moved for an award of counsel fees. The parties agreed that the motion would be heard on papers and that no appearance was necessary. By order dated March 7, 2016 (hereinafter Order No. 1), the Support Magistrate directed that "pursuant to a Decision and Order . . . dated May 11, 2010, support is modified to $5,558 per month, thereby correcting a computational error," and "granted [the mother] a money judgment for $20,243.81." The Support Magistrate calculated each party's income for the years 2012, 2013, and 2014, and their proportionate shares of college education expenses for the years 2013-2014, 2014-2015, and 2015-2016. In calculating the mother's income for the year 2014, the Support Magistrate imputed $152,000 in income to the mother based on her exercise of certain stock options. The Support Magistrate also determined, based on documents that were purportedly submitted by the mother, that the average cost of tuition and room and board at SUNY Albany and SUNY Binghamton was $9,799 for 2013-2014, $11,890.35 for 2014-2015, and $15,283.50 for 2015-2016. The Support Magistrate then granted the father's petition "based upon the emancipation of" the oldest child. The Support Magistrate noted that the mother did not dispute that after the oldest child began residing at college, the father was entitled to a credit of 4/29ths of his then child support [*3]obligation, thereby reducing his monthly child support obligation to the sum of $4,791, and that the mother "consents to credit [the father] with $9,790 in room and board payments in 2013-2014 for" the middle child, who began residing at college in August 2013. The Support Magistrate then assessed the father's child support obligation at the sum of $4,791 per month for the period between August 2013 and October 2013, and at the sum of $4,743 per month for the period between November 2013 and August 2014. The Support Magistrate explained that application of the $9,790 credit related to room and board reduced the father's child support obligation to the sum of $4,743 per month. She further found that "[b]ecause [the father] filed his modification petition on November 7, 2013, the adjustment to support is effective retroactive to the date of his petition." Both parties filed objections to Order No. 1.
In another order dated March 7, 2016 (hereinafter Order No. 2), the Support Magistrate granted the mother's motion for an award of counsel fees and directed the father to pay the mother's attorney a fee in the sum of $5,700. The father filed objections to Order No. 2.
By order dated March 18, 2016, the Support Magistrate granted the father's petition for a downward modification of his child support obligation on the ground that the middle child was emancipated, and directed the father to pay the sum of $871 per month in child support for the parties' remaining unemancipated child, effective April 16, 2015. The Support Magistrate also dismissed, without prejudice, the mother's violation petition. In her findings of fact, the Support Magistrate stated that the middle child, who "turned 21 years old," was emancipated since it was "undisputed that [he] is not a full time student." The Support Magistrate then concluded that the parties' "pro rata contributions for 2015 based on income as should have been reported on their 2014 income tax returns [are] $194,578.00 annually for [the mother] and $147,262.00 annually for [the father]." The Support Magistrate noted that she attributed income of $152,000 to the mother based on her exercise of certain stock options. The Support Magistrate also noted that the father's proportionate share of the basic child support obligation was 53% and that the mother's proportionate share was 47%. The Support Magistrate then determined that "[c]hild support based on NYS Child Support Standard[s] Act (CSSA) guidelines [is] $871.00 per month based on the parties['] income capped at $143,000 and $1,963.00 per month based on the parties['] total combined earnings." Both parties filed objections to the order dated March 18, 2016.
In an order dated June 30, 2016, the Family Court denied the mother's objections to Order No. 1 and the order dated March 18, 2016, and denied the father's objections to Orders No. 1 and 2 and the order dated March 18, 2016. The mother appeals and the father cross-appeals from the order dated June 30, 2016.
The Family Court properly denied the mother's objections to so much of the order dated September 21, 2015, as directed the parties to submit information concerning tuition and room and board expenses at SUNY Albany and SUNY Binghamton for certain years and directed the mother to provide a copy of her income tax return for the year 2012 (see Kahn v Oshin-Kahn, 43 AD3d 253, 256; Matter of Fisher v Fritzch, 35 AD3d 1146, 1147). Those documents were relevant to determining the parties' proportionate shares "of the average cost of tuition, room and board, and books" at SUNY Albany and SUNY Binghamton. Contrary to the mother's contention, the matter was not remitted to the Support Magistrate solely for the purpose of calculating the father's room-and-board-related credit against his basic child support obligation. Rather, in the order dated April 6, 2015, the Family Court remitted the matter to the Support Magistrate for "a recalculation of the monthly support payments consistent with the determination herein."
The Family Court erred in denying the father's objection to so much of Order No. 1 as calculated the average cost of tuition and room and board at SUNY Albany and SUNY Binghamton for the years 2013-2014, 2014-2015, and 2015-2016. Both parties submitted documents to the Support Magistrate demonstrating the costs of tuition and room and board, yet the Support Magistrate relied only upon the documents submitted by the mother. There is no explanation in the record for the Support Magistrate's failure to consider the documents submitted by the father. Although the Support Magistrate stated in one part of the order that the "average tuition, room and board cost" at SUNY Albany and SUNY Binghamton for the year 2013-2014 was $9,799, she stated [*4]in a footnote in another part of the order that "[t]he average cost of room and board for 2013-14 is $9,799." It is unclear, based on the record, whether the sum of $9,799 is inclusive of the cost of tuition. In addition, a document, the source of which is unclear, was attached to the mother's financial disclosure affidavit, and stated that, at SUNY Binghamton for the year 2015, the cost of tuition was $6,470 and the cost of room and board was $13,820. The Support Magistrate determined that for 2015-2016, "room and board charges" for SUNY Binghamton were the sum of $20,290, a sum which incorrectly included the cost of tuition. Accordingly, the Family Court erred in determining that "the Support Magistrate made no error in fact or law in her determinations regarding SUNY costs . . . based upon evidence properly before her." The matter must therefore be remitted to the Family Court, Westchester County, for a new determination of the average cost of tuition and room and board at SUNY Albany and SUNY Binghamton for the years 2013-2014, 2014-2015, and 2015-2016.
The Family Court also erred in denying the father's objection to so much of Order No. 1 as determined that his monthly child support obligation was the sum of $4,791 for the period between August 2013 and October 2013, and the sum of $4,743 for the period between November 2013 and August 2014, and thereupon determined that he owed the mother the sum of $20,243.81 in child support arrears. As for the period between August 2013 and October 2013, the Support Magistrate correctly determined that the father was entitled to a credit for room and board payments made on behalf of the oldest child which reduced his child support obligation to the sum of $4,791 per month. However, the Support Magistrate also determined that the middle child "began attending college in August 2013," and stated that the mother "consents to credit [the father] with $9,790.00 in room and board payments in 2013-2014 for" the middle child. While that would entitle the father to an additional credit of $815 per month for room and board payments made on behalf of the middle child, the Support Magistrate failed to apply that additional credit when determining the father's monthly child support obligation for the period between August 2013 and October 2013. Although the mother argues on appeal that she did not agree that the father was entitled to a credit of $9,790 for 2013-2014, that contention is unpreserved for appellate review, as she failed to raise that issue in her objections before the Family Court (see Matter of Hall v Pancho, 149 AD3d 735, 738; Matter of Best v Hinds, 113 AD3d 676, 677).
As for the period between November 2013 and August 2014, the father alleged in his modification petition that the oldest child had become emancipated, and contended that the parties' separation agreement provided that "[c]hild support shall be recalculated pursuant to the CSSA upon the emancipation of a child." The Support Magistrate granted the father's modification petition "based upon the emancipation of" the oldest child, but failed to recalculate the father's child support obligation pursuant to the CSSA. In concluding that the father's child support obligation was $4,743 for the period between November 2013 and August 2014, the Support Magistrate simply deducted the father's credit of $815 for room and board payments made on behalf of the middle child from the sum of $5,558, which was the father's child support obligation for three children, not two. Accordingly, the Family Court erred in denying the father's objection to that portion of Order No. 1, and the matter must be remitted to the Family Court, Westchester County, to recalculate the father's child support obligation and the amount of child support arrears owed for the period between August 2013 and August 2014.
The Family Court also erred in denying the father's objection to so much of Order No. 1 as determined that his income was $363,764.71 for the year 2012, $1,155,850 for the year 2013, and $147,262 for the year 2014. Family Court Act § 413(1)(b)(5)(vii)(H) provides that "federal insurance contributions act (FICA) taxes actually paid" shall be deducted from income prior to determining the combined parental income (see Belkhir v Amrane-Belkhir, 118 AD3d 1396). The Support Magistrate, without explanation, declined to deduct FICA tax payments from the father's gross income for the years 2012, 2013, and 2014 prior to determining each party's proportionate share of the combined parental income (see Holterman v Holterman, 3 NY3d 1, 10; Castello v Castello, 144 AD3d 723, 727-728; Shamp v Shamp, 133 AD3d 1213, 1216). Although the father contends that the Support Magistrate erred in failing to reduce his gross income for the year 2014 by certain unreimbursed business expenses, no testimony was adduced at the hearing concerning those expenses and there is no proof in the record, other than his income tax return for the year 2014, [*5]to support his claim for those alleged expenses (see Matter of Sena v Sena, 65 AD3d 1244, 1245; Matter of Castillo v Castillo, 302 AD2d 458, 459; La Porte v La Porte, 263 AD2d 585, 587).
The Support Magistrate erred in addressing for child support purposes the income the parties derived from the exercise in 2013 of stock options with a value of approximately $304,000. The father exercised the options, which were held in his name, and reported the full value of the options on his income tax return for 2013. He then transferred to the mother her half of the resulting proceeds. The Support Magistrate did not deduct the sum of $152,000 from the father's gross income for 2013, did not impute the sum of $152,000 in income to the mother for 2013, and imputed the sum of $152,000 in income to the mother for 2014. Contrary to the mother's contention, the Support Magistrate properly imputed income to her, since the proceeds she received after the options were exercised did not constitute a distributive award as defined by the Domestic Relations Law (see Domestic Relations Law § 236[B][1][b]). However, the Support Magistrate erred in imputing the income to her in 2014. Rather, for the purposes of determining the parties' proportionate shares of college education expenses, the Support Magistrate should have treated the exercise of the options as $152,000 in income to each party in 2013 (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 848). Accordingly, the Family Court erred in denying the mother's objections to so much of Order No. 1 and the order dated March 18, 2016, as imputed the sum of $152,000 in income to her for the year 2014, and in denying the father's objections to so much of Order No. 1 as failed to impute the sum of $152,000 in income to the mother for the year 2013, and failed to deduct the sum of $152,000 from his gross income for the year 2013.
The Family Court properly denied the mother's objection to so much of Order No. 1 as recalculated the parties' proportionate shares of college education expenses. The parties' separation agreement explicitly provided that the father and the mother "agree to contribute to and pay a proportionate share of each child's college education expenses, based upon the proportion of the respective incomes of the parties established in the calendar year preceding each child's commencing college studies" (emphasis added). The Family Court also properly denied the mother's objection to so much of Order No. 1 as calculated arrears only for the period between August 2013 and August 2014, and not through December 2014. As the Family Court noted, those arrears cannot be accurately calculated at this time due to "the number of petitions and overlapping objections filed by the parties." To the extent that the mother objected to Order No. 1 on the ground that the Support Magistrate erred in "retroactively reducing arrears," the Family Court properly denied that objection. In calculating the arrears owed by the father to the mother, the Support Magistrate simply applied the credits related to room and board that had already been applied by the mother against the father's child support obligation. Moreover, there is no language in the parties' separation agreement requiring the father to petition the court for a downward modification of support in order to receive a room-and-board-related credit against his child support obligation.
The Family Court should have granted the father's objections to Order No. 2. In a child support proceeding pursuant to Family Court Act article 4, the court, in its discretion, may award counsel fees to the attorney representing the person claiming a right to support on behalf of the child (see Family Ct Act § 438; Matter of Funaro v Kudrick, 128 AD3d 695, 697). "As with an award of an attorney's fee made pursuant to Domestic Relations Law § 237(b), the court will base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances" (Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937; see Matter of Tuglu v Crowley, 96 AD3d 862, 863). In this case, while it is true that there is a significant disparity in the parties' respective incomes, the record demonstrates that both parties misinterpreted the terms of the separation agreement, and that the protracted nature of this litigation was due, in large part, to errors made by both parties, as well as the Support Magistrate, in calculating the room-and-board-related credit to be applied against the father's child support obligation. Under these circumstances, the award of counsel fees was an improvident exercise of discretion.
The Family Court properly denied the mother's objection to so much of the order dated March 18, 2016, as determined that the middle child was emancipated (see Cleva v Cleva, 139 AD3d 785). The parties' separation agreement provided that "[c]hild support shall be recalculated [*6]pursuant to the CSSA" upon the occurrence of an emancipation event, which included "a child attaining the age of 21 years, or, in the event that a child is attending college or other accredited institute of higher learning on a full time basis, until the earlier happening of the child's graduation or attaining the age of 22 years." Here, the mother submitted a document from the university the middle child was attending which stated that "[y]ou are considered a part-time student if you are . . . [r]egistered in 20 to 40 percent of a full course load." At a court appearance on July 20, 2015, the mother acknowledged that the middle child "took a 40-percent course [load] in the spring semester." Since it is undisputed that the middle child turned 21 years old in February 2015, and that he was no longer enrolled in college as a full time student, the Support Magistrate properly determined that he was emancipated pursuant to the terms of the separation agreement.
The Family Court also properly denied the mother's objection to so much of the order dated March 18, 2016, as, upon the emancipation of the middle child, applied a combined parental income cap of $143,000 when calculating the father's monthly child support payment for the parties' remaining unemancipated child. The Support Magistrate applied the factors set forth in Family Court Act § 413(1)(f) when determining that the combined parental income should be capped at $143,000, and the reasons she articulated for capping the parental income at that level were adequately supported by the record (see Matter of Keith v Lawrence, 113 AD3d 615, 616; Matter of Freeman v Freeman, 71 AD3d 1143, 1144).
The Family Court also properly denied the mother's objection to so much of the order dated March 18, 2016, as dismissed her violation petition "without prejudice." The Family Court noted that, "[d]ue to the parties' continuous filing of petitions and objections . . . the Support Magistrate has been as yet unable to determine whether a violation has occurred."
In addition, although we agree with the father that the Family Court erred in dismissing his objections to so much of the order dated March 18, 2016, as recalculated his child support obligation effective April 16, 2015, on the ground that he failed to file adequate proof of service of a copy of the objections on the mother (cf. Matter of Burger v Brennan, 77 AD3d 828, 828), we nevertheless conclude that the father's objection was without merit. The Support Magistrate properly calculated the father's child support obligation retroactive to the date of the filing of his modification petition on April 16, 2015, and not retroactive to the date the middle child became emancipated (see Matter of Wrighton v Wrighton, 61 AD3d 988; Johnston v Johnston, 115 AD2d 520).
Since the Support Magistrate erroneously imputed $152,000 in income to the mother for the year 2014, the Family Court should have granted the mother's objection to the order dated March 18, 2016, to the extent of remitting the matter to the Support Magistrate for a new determination of the father's child support obligation with respect to the parties' unemancipated child.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court