Matter of Rodgers-Feimster v Feimster (2019 NY Slip Op 05547)





Matter of Rodgers-Feimster v Feimster


2019 NY Slip Op 05547


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08483
 (Docket No. F-08825-17)

[*1]In the Matter of Caryn Rodgers-Feimster, respondent, 
v
Michael Feimster, appellant.


Michael Feimster, New York, NY, appellant pro se.
Caryn Rodgers-Feimster, New Rochelle, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered January 24, 2018. The order denied the father's objections to an order of the same court (Carol Ann Jordan, S.M.), entered September 5, 2017, which, after a hearing, and upon the findings of fact of the Support Magistrate dated August 30, 2017, calculated the father's basic child support obligation.
ORDERED that the order entered January 24, 2018, is affirmed, without costs or disbursements.
The parties, who are married but separated, have one child in common, age four. The mother has primary physical custody of the child. By a petition filed on August 3, 2017, the mother commenced this proceeding for a determination of the parties' respective child support obligations. Following a hearing, the Support Magistrate determined that, pursuant to the formula set forth in the Child Support Standards Act (hereinafter the CSSA), the father's pro rata share of the parties' basic child support obligation was $472 biweekly. The father filed written objections to the Support Magistrate's order, which the Family Court denied in an order entered January 24, 2018. The father appeals.
The father's contentions that the Support Magistrate erred in the calculation of the mother's adjusted gross income by relying on the figures reported on her tax returns and by failing to consider a grant the mother received are not properly before this Court, as the father failed to raise these issues in his objections before the Family Court (see Matter of Hall v Pancho, 149 AD3d 735, 738; Matter of Kolodny v Perlman, 143 AD3d 818, 821; Matter of Best v Hinds, 113 AD3d 676, 677).
The mother's remaining contention is without merit.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court