Matter of Petrushka v Abizadeh (2022 NY Slip Op 01163)





Matter of Petrushka v Abizadeh


2022 NY Slip Op 01163


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.


2021-04373 
2021-04389
 (Docket Nos. F-1320-18/19B, F-1320-18/19C, F-1320-18/20E)

[*1]In the Matter of Galit Petrushka, respondent,
v
Ramin Abizadeh, appellant. (Proceeding No. 1)
In the Matter of Ramin Abizadeh, appellant,
v Galit Petrushka, respondent. (Proceeding Nos. 2 and 3)


Ramin Abizadeh, Albertson, NY, appellant pro se.
Diana Lozada Ruiz, Mineola, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated June 1, 2021, and (2) an order of the same court, also dated June 1, 2021. The first order denied the father's objections, inter alia, to an order of the same court (Adam E. Small, S.M.) dated February 21, 2020, which, after a hearing, granted the mother's petition for a downward modification of her child support obligation. The second order dated June 1, 2021, denied the father's objections to an order of the same court (Adam E. Small, S.M.) dated December 9, 2020, which denied the father's motion for discovery and interrogatories in support of his petition alleging that the mother violated an order of support.
ORDERED that the appeal from the second order dated June 1, 2021, is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in proceedings pursuant to Family Court Act article 4, and leave to appeal has not been granted (see id. § 1112); and it is further,
ORDERED that the first order dated June 1, 2021, is affirmed, without costs or disbursements.
The Family Court correctly denied the father's objections to an order of the Support Magistrate dated February 21, 2020, which, after a hearing, granted the mother's petition for a downward modification of her child support obligation. "[A] party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of White v Holder, 174 AD3d 635, 636; see Family Ct Act § 451[3][a]; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897). "On appeal, deference should be given to the credibility of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (Matter of Gharachorloo v Regeer, 173 AD3d 1025, [*2]1027). Here, contrary to the father's contention, the record supported the Support Magistrate's determination that the mother's loss of employment, together with the father's intentional interference with her earning ability and potential job opportunities, constituted a substantial change in circumstances warranting a downward modification of the mother's child support obligation (see Matter of Poulos v Chachere, 163 AD3d 679; Matter of Suyunov v Tarashchansky, 98 AD3d 744).
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court