Matter of Licitra v Licitra (2023 NY Slip Op 04382)

Matter of Licitra v Licitra

2023 NY Slip Op 04382

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2022-02117
 (Docket No. F-3588-21)

[*1]In the Matter of David Licitra, appellant,
v
Rosanna Licitra, respondent.

David Licitra, Hicksville, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Darlene D. Harris, J.), dated February 24, 2022. The order denied the father's objections to an order of the same court (Lisa M. Williams, S.M.) dated January 18, 2022, which, after a hearing, and upon findings of fact, also dated January 18, 2022, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated February 24, 2022, is affirmed, without costs or disbursements.
The parties were divorced by judgment entered October 29, 2020. The judgment of divorce, which incorporated but did not merge the terms of a stipulation of settlement dated December 11, 2019, directed the father to pay child support in the amount of $1,325 per month.
In May 2021, the father filed a petition for a downward modification of his child support obligation. After a hearing, in an order dated January 18, 2022, the Support Magistrate dismissed the petition. The father filed objections in which he listed the reasons provided by the Support Magistrate for dismissing the petition, without raising any arguments addressed to the Support Magistrate's order. In an order dated February 24, 2022, the Family Court denied the father's objections on the ground that they were not specific within the meaning of Family Court Act § 439(e). The father appeals.
"Family Court Act § 439(e) provides, in pertinent part, that '[s]pecific written objections to a final order of a support magistrate may be filed by either party with the [Family Court] within thirty days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, thirty-five days after mailing of the order to such party or parties.' An order of a Support Magistrate is final, and the Family Court's review of objections to such an order is the equivalent of appellate review" (Matter of Cherrez v Lazo, 102 AD3d 781). The father's contentions concerning the Support Magistrate's order are unpreserved for appellate review, as he failed to raise these contentions in his objections before the Family Court (see Matter of Best v Hinds, 113 AD3d 676, 677; Matter of Cherrez v Lazo, 102 AD3d at 782; Matter of Elia v Elia, 299 AD2d 358). Since the father's objections to the Support Magistrate's order were not specific within the meaning of Family Court Act § 439(e), the court properly denied his objections on that ground (see id.; Matter of Cherrez v Lazo, 102 AD3d at 782).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court