Matter of Husch v Husch (2025 NY Slip Op 00861)

Matter of Husch v Husch

2025 NY Slip Op 00861

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-10598
 (Docket Nos. F-14484-20/21B, F-14484-20/22C)

[*1]In the Matter of Brian Husch, respondent, 
v
Maureen Husch, appellant. (Proceeding No. 1.)
In the Matter of Maureen Husch, appellant,
v
Brian Husch, respondent. (Proceeding No. 2.)

Christian L. Goetz, Huntington, NY, for appellant.
Beth A. Rosenthal, Deer Park, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated November 25, 2022. The order, insofar as appealed from, denied the mother's objections to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated August 12, 2022, made after a hearing, as (1) granted the father's petition for a downward modification of his child support obligation to the extent of reducing his child support obligation to the sum of $7,853 per month, (2) directed that the father's maintenance obligation shall terminate after the occurrence of any of the conditions enumerated in Family Court Act § 412(10), (3) directed the father to pay child support arrears in the sum of only $117,795, and (4) directed the father to pay arrears for add-on expenses in the sum of only $39,012.07.
ORDERED that the order dated November 25, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married and had five children together. Pursuant to a judgment of divorce dated November 9, 2020, which incorporated but did not merge the parties' separation agreement dated March 3, 2017, the father was obligated to pay the mother the sums of $10,416.67 per month in child support and $14,583.33 per month in maintenance, in addition to certain add-on expenses related to, inter alia, the children's medical care, child care, and college expenses.
Thereafter, the father filed a petition for a downward modification of his child support obligation, and the mother filed a petition alleging that the father violated the child support and maintenance provisions of the separation agreement and the judgment of divorce. After a hearing, in an order dated August 12, 2022, the Support Magistrate, among other things, granted the father's petition to the extent of reducing his child support obligation to the sum of $7,853 per month, directed that the father's maintenance obligation shall terminate after the occurrence of any of the conditions enumerated in Family Court Act § 412(10), and directed the father to pay child support [*2]arrears in the sum of $117,795 and arrears for add-on expenses in the sum of $39,012.07.
Thereafter, the mother filed objections to the Support Magistrate's order. In an order dated November 25, 2022, the Family Court, inter alia, denied the mother's objections to so much of the Support Magistrate's order as reduced the father's child support obligation to the sum of $7,853 per month, directed that the father's maintenance obligation shall terminate after the occurrence of any of the conditions enumerated in Family Court Act § 412(10), and directed the father to pay child support arrears in the sum of only $117,795 and arrears for add-on expenses in the sum of only $39,012.07. The mother appeals.
Upon the emancipation of the parties' eldest child, the Support Magistrate correctly calculated the father's reduced monthly child support obligation pursuant to the terms of the separation agreement (see Mater of Yuen v Sindhwani, 137 AD3d 1155, 1157). Accordingly, the Family Court properly denied the mother's objection to so much of the Support Magistrate's order as reduced the father's child support obligation to the sum of $7,853 per month (see Matter of Petrushka v Abizadeh, 202 AD3d 1088, 1089).
Furthermore, the Family Court properly denied the mother's objection to the Support Magistrate's calculation of arrears for add-on expenses. The mother failed to address the Support Magistrate's findings that certain of her receipts were not dated or did not contain sufficient identifying information, and therefore, her objection was not specific within the meaning of Family Court Act § 439(e) (see Matter of Licitra v Licitra, 219 AD3d 837, 838).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court