Matter of Mitchell v Mitchell (2026 NY Slip Op 00898)

Matter of Mitchell v Mitchell

2026 NY Slip Op 00898

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2025-08398
 (Docket No. F-1647-20)

[*1]In the Matter of Kirtisha Clarke Mitchell, respondent,
vLancelot Mitchell, appellant.

Lancelot Mitchell, East Orange, New Jersey, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Robert A. Markoff, J.), dated June 3, 2025. The order denied the father's objections to an order of the same court (Nicholas J. Palos, S.M.) dated April 11, 2025.
ORDERED that the order dated June 3, 2025, is affirmed, without costs or disbursements.
Lancelot Mitchell (hereinafter the father) and Kirtisha Clarke Mitchell (hereinafter the mother) were married in 2017 and have one child together. In January 2020, the mother filed a petition for support in the Family Court, Kings County. In February 2020, the Support Magistrate issued a temporary order of support. Subsequently, the parties were divorced by a judgment of the Superior Court of New Jersey, Chancery Division-Family Part, Essex County, entered in October 2021.
In November 2022, the Support Magistrate directed the father to pay certain child support and certain retroactive spousal support. The father made five motions between May and October 2024, which the Support Magistrate denied in five separate orders. Notably, the orders denying three of the motions were dated April 11, 2025.
In April 2025, the father filed objections to an unspecified order dated April 11, 2025. In an order dated June 3, 2025, the Family Court denied the father's objections on the ground, among others, that they lacked specificity. The father appeals.
Family Court Act § 439(e) provides, in pertinent part, that "[s]pecific written objections to a final order of a support magistrate may be filed by either party with the [Family Court] within thirty days after receipt of the order" (see Matter of Licitra v Licitra, 219 AD3d 837, 837-838). "'An order of a Support Magistrate is final, and the Family Court's review of objections to such an order is the equivalent of appellate review'" (id. at 838, quoting Matter of Cherrez v Lazo, 102 AD3d 781, 782; see Matter of Taylor v Taylor, 148 AD3d 1161, 1162-1163). Since the father's objections to the Support Magistrate's orders were not specific within the meaning of Family Court Act § 439(e), the Family Court properly denied his objections on that ground (see Matter of Licitra v Licitra, 219 AD3d at 838; Matter of Cherrez v Lazo, 102 AD3d at 782).
The father's remaining contentions are without merit.
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court